**UNITED STATES of America, Appellee,**

v.

**Herbert A. ELLENBOGEN, Appellant. No. 266, Docket 29120.**

United States Court of Appeals Second Circuit.

Argued Dec. 17, 1964.

Decided Feb. 25, 1965.

Michael S. Fawer, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, on the brief), (Charles A. Stillman, Asst. U. S. Atty., of counsel), for appellee.

Herbert A. Ellenbogen, appellant, pro se.

Before FRIENDLY, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

Appellant seeks reversal of a judgment of conviction entered by the United States District Court for the Southern District of New York after a trial without a jury. Appellant was found guilty of bribing an employee of the General Services Administration [GSA] in violation of 18 U.S.C. § 201, and of conspiring to commit similar offenses in violation of 18 U.S.C. § 371. The co-defendant, the employee of GSA, pleaded guilty prior to trial and was the principal witness for the Government. Appellant, who was represented by retained counsel at trial, appeals *pro se*.

Because of the narrow ground requiring reversal we will not set forth the facts involved other than to comment that there was convincing evidence of the payment of money by appellant to the purchasing agent of GSA during the period he was giving information to appellant so that appellant could appear to make legitimate lower bids on certain purchasing contracts. During the Government's examination of the purchasing agent, Samuel J. DiChellis, the following took place:

"Q. Did this practice about your talking to him about the bids continue throughout the time from the fall of 1960, when it first occurred,

right to the time when you resigned? A. To the time of my resignation in May of 1962.

"Q. Mr. DiChellis, did you ever provide any type of information to other bidds [sic] on class 81 items? A. No.

"Q. How about class 93 items? A. Yes. Well, it would be the same. 93 would be—

"Q. I will clarify it.

"Did you ever reveal this type of information to other bidders on class 81 and class 93 items? A. No.

\* \* \* \* \* \*

"Q. Did you have occasion to give this information to other bidders on class 81 and class 93 items? A. No."

At the close of the Government's case, appellant's attorney requested copies of all prior statements by the witness. The Government produced several statements and gave them to appellant's attorney. One statement, contained in Government's Exhibits 38 and 38–A for identification, was submitted to the trial judge, examined by him and ordered sealed after he ruled: "I find 38 up to this point does not deal with this case and will be ordered sealed. 38 and 38–A, pages 3 through 12 will be ordered sealed because it doesn't have anything to do with this case."

An examination of Government's Exhibits 38 and 38–A for identification reveals that it is an FBI report containing a signed sworn statement of the witness in which he explained in detail his similar unlawful dealings with other bidders. This is a "statement" within the meaning of the Jencks Act, 18 U.S.C. § 3500, which requires the production of "any statement \* \* \* of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." There could be no doubt that the statement the Government possessed but re-

fused to produce related to DiChellis' direct testimony quoted above. The Government examined DiChellis on the point of other dealings and therefore it should have turned over the statement to defendant's counsel for purposes of cross-examination. "Due process is afforded defendants under the Jencks statute by the provision that there should be available for cross-examination of government witnesses any documents which contain recitals substantially in the words of the witness." United States v. McKeever, 271 F.2d 669, 674 (2 Cir. 1959). Given that the statement "relates to the subject matter as to which the witness has testified," and that defendant insisted upon having the statement produced, the statute leaves no room for the trial judge, nor for us, to speculate as to how useful this statement will be for purposes of cross-examination or how important such cross-examination will be to defendant's case, cf. United States v. Borelli, 336 F.2d 376, 391–392 (2 Cir. 1964). The Government relies on general language in two other opinions of this Circuit, United States v. Cardillo, 316 F.2d 606 (2 Cir.), cert. denied, 375 U.S. 822, 84 S.Ct. 60, 11 L. Ed.2d 55 (1963) and United States v. Birnbaum, 337 F.2d 490 (2 Cir. 1964). On the contrary, both of these cases expressly recognize the principle that prior statements that relate "generally to the events and activities testified to" must be produced. 316 F.2d at 615; 337 F. 2d at 497.

In reversing this conviction we echo the late Judge Clark's regret: "[I]t is perhaps doubly unfortunate that this must occur because of the reluctance of the prosecutor and the trial court to accept the policy of yielding pre-trial statements of prosecution witnesses to the defense \* \* \*." United States v. Tomaiolo, 280 F.2d 411, 412 (2 Cir. 1960). See also United States v. Borelli, supra, 336 F.2d at 393.

Reversed.