**UNITED STATES of America,**
**Appellee,**

v.

**Saul I. BIRNBAUM, Appellant.**

**No. 88, Docket 30511.**

United States Court of Appeals
Second Circuit.

Submitted Feb. 24, 1967.

Decided March 31, 1967.

David W. Peck, Ben Herzberg, Norman Bernstein, Hays, Sklar & Herzberg, New York City, on the brief, for appellant.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Peter Fleming, Jr., Douglas S. Liebhafsky, Michael W. Mitchell, Asst. U. S. Attys., on the brief, for appellee.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

In an apparent shift of emphasis, appellant has devoted the greater part of his petition for rehearing to arguing that we should have reversed his conviction because of Judge Cooper's alleged error in admitting Leonhardt's former testimony. Birnbaum's petition for rehearing merely restates—though at considerably greater length and with more vehemence—the same argument which we understood appellant to be making on the appeal proper, and which we unanimously rejected in our opinion. 373 F.2d 250. Though we believe our decision adequately explained our rationale for rejecting Birnbaum's argument, we will elaborate somewhat on our holding in order to put to rest any misgiving that appellant may have as to our recognition of his contentions.

On his first appeal, Birnbaum argued that Judge Murphy had erred in refusing to turn over to appellant the transcript of the Leonhardt-Birnbaum tape. That Court, after reading the transcript, unanimously rejected the contention because it believed that the trial court's finding that the tape was not "related" to Leonhardt's testimony afforded no basis for reversal. Our later opinion in United States v. Ellenbogen, 341 F.2d 893 (2d Cir. 1965), cited by appellant as

necessitating a reversal of his conviction, is not apposite for in *Ellenbogen* we held only that where statements are related to testimony, they must be produced. Since we recognized on this appeal that Judge Murphy had concluded that the tape did *not* relate to Leonhardt's testimony, we do not believe *Ellenbogen* in any way overruled or modified our first *Birnbaum* opinion. Indeed, *Ellenbogen* cited the *Birnbaum* opinion with approval.

At his second trial, as we noted in our opinion, Birnbaum was furnished with the transcript of the Leonhardt-Birnbaum conversation. On appeal from the second conviction, however, he argued once more that Judge Murphy had erred in not ordering the production of the transcript at the first trial. Appellant renewed this contention in the hope of persuading us that he had been denied an adequate opportunity at his first trial to cross-examine Leonhardt, and that Judge Cooper had erred when he admitted Leonhardt's former testimony into evidence. But we believe we answered this claim in our opinion by stating, "implicit in our [first] holding was our recognition that appellant had not been denied an adequate opportunity to cross-examine Leonhardt." Thus, even if there were error (which we have indicated there was not) in not giving Birnbaum the transcript at his first trial, it was at most harmless error, and we therefore see no reason to reverse appellant's second conviction. See United States v. Annunziato, 293 F.2d 373 (2d Cir. 1961).

Birnbaum urges, however, that the transcript would have enabled him to confront Leonhardt with his failure directly to accuse him of complicity in the Simon bribe. But, the absence of any prejudice to appellant is clear from the record at both his trials. The opportunity for full cross-examination was indeed available to Birnbaum at the first trial without recourse to the Leonhardt-Birnbaum tape, and it is apparent that he abandoned the opportunity for tactical reasons. We cannot ignore the fact that

the conversation with Leonhardt took place in Birnbaum's office and that Birnbaum was the other party to it. Thus, he knew well that Leonhardt had not accused him directly of complicity in the Simon bribe. The important information supposedly revealed by the transcript was, therefore, available to Birnbaum and his counsel in another form—Birnbaum's own recollection.

Moreover, the first trial furnished Birnbaum with additional information. Following Leonhardt's direct examination, the appellant was provided with Government's Exhibit 23A, an FBI report of an interview with Leonhardt. The report disclosed that Leonhardt had advised the FBI on August 21, 1961 that:

"[H]e believes he is friendly enough with SIMONS to invite him to lunch and discuss the money without arousing his suspicion. * * * [H]e also believes that while he has not seen BIRNBAUM in about a year, he could also have a conversation with BIRNBAUM about his tax problems and other matters and bring up the SIMONS situation."

It should be noted that Leonhardt had testified at the first trial to having such a conversation with Simon on September 13, 1961, and that he had recorded that conversation. Moreover, the government, while opposing the production of the Leonhardt-Birnbaum transcript at the earlier trial, had nevertheless identified the exhibit (GX27) as the transcript of a conversation between those two men held on October 2, 1961. Knowing all this and, in addition, being a party to the conversation,[1] appellant chose not to cross-examine Leonhardt regarding his failure to accuse Birnbaum on October 2, 1961 of having participated in the bribe.[2] And, it is interesting that Birnbaum himself failed to mention the allegedly exculpatory conversation with Leonhardt when he testified at the first trial. Instead, he contented himself with his counsel's trial tactic to wait until his summation to the jury (when Leonhardt was foreclosed from explaining or answering) to make his broadside attack on Leonhardt's testimony because he failed "at any time in any conversation" to accuse Birnbaum of his part in the bribe. And, Mr. Brill, his lawyer at the first trial added: "and you know very well that the reason there was not such a conversation with Birnbaum was because it never happened." It is also noted that a similarly potent argument by appellant's counsel was made at Birnbaum's second trial when Leonhardt—this time due to his death—was again unable to explain his behavior.

It is thus clear to us that the failure to provide Birnbaum at the first trial with a copy of the transcript of the Leonhardt-Birnbaum tape did not deny him an adequate opportunity to cross-examine Leonhardt. It is apparent that appellant avoided confrontation on the issue involved while Leonhardt was alive and this maneuver can provide him with little solace now that Leonhardt is dead. Leonhardt's former testimony was properly admitted at Birnbaum's second trial.

Petition for rehearing denied in all respects. Petition to stay mandate pending application to the Supreme Court for certiorari granted pursuant to Rule 28(c) of this Court.

---

1. Birnbaum's knowledge as to what transpired during his conversation with Leonhardt clearly distinguishes this case from Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). In Dennis the petitioners had sought production of the grand jury testimony given by four government witnesses. The petitioners there, unlike Birnbaum, had no knowledge of or access to the statements made to the grand jury.

2. At the first trial Birnbaum cross-examined Leonhardt for 2½ days.