UNITED STATES of America, Appellee,

v.

Saul I. BIRNBAUM, Appellant.

Nos. 378–379, Dockets 32063–32064.

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1968.

Decided Oct. 4, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1181.

Peter Fleming, Jr., Douglas S. Liebhafsky, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Arnold Bauman, Morton Schlossberg, Christy, Bauman, Frey & Christy, Jerome Lewis, New York City, for appellant.

William J. vanden Heuvel and Charles G. Moerdler, New York City, for St. Augustine's Episcopal School, and others, amicus curiae.

Before WATERMAN and FEINBERG, Circuit Judges, and BARTELS, District Judge.*

WATERMAN, Circuit Judge:

Appellant Birnbaum was convicted upon two counts, the only counts in which he was named, of a four-count indictment charging him with having conspired with others to bribe, and with having bribed, an Internal Revenue Agent. He was sentenced to serve one year on each count, the terms to run concurrently. Upon appeal to our court the conviction was affirmed, United States v. Birnbaum, 373 F.2d 250 (2 Cir.), rehearing denied, 375 F.2d 232 (2 Cir.), cert. denied, 389 U.S. 837, 88 S.Ct. 53, 19 L.Ed.2d 99 (1967).

At the time of the imposition of the sentence on April 1, 1966, the trial judge, Judge Irving Ben Cooper, knowing that Birnbaum would seek a reversal of his conviction, as he had successfully done after a prior conviction upon the same indictment, see United States v. Birnbaum, 337 F.2d 490 (2 Cir. 1964), addressed the following remarks to him. * * * In your case there are factors which should be considered in mitigation of sentence. * * *

\* \* \* \* \* \*

* * * There are * * * those * * * who still believe in you, including Mr. Justice Heller, and who seem genuinely anxious about your fate.

I feel compelled to make the observation that you have had only a nodding acquaintance with charity and communal affairs. * * * You amassed a fortune * * * Yet, you gave back nothing; nothing, other than a token contribution. You gave nothing back to your school, to your community, to your country.

\* \* \* \* \* \*

* * * You protest your innocence and you are on the way to appeal. Certainly that is your legal right.

For the present, then, in the light of your fame [sic] of mind, let me just add that if your conviction is sustained, this Court *might*, and *I emphasize might*, upon an impressively convincing showing that you have realized, or rather realigned, your sights and devoutly wish to give a hunk of yourself as well as your wealth in doing with constancy those acts which will really help your fellow Americans and at the same time enhance you [sic] personal well-being immeasurably, I say this Court might consider * * * a program of rehabilitation without confinement as provided for by 18 United States Code, Section 3651. (Emphasis supplied.)

So for all these reasons, in mitigation of sentence, and especially in light of the additional period of anguish to you since the verdict on the first trial, this Court adjudges you guilty as charged and convicted, and it is adjudged that [the defendant is hereby committed to the custody of] the Attorney General or his authorized representative for imprisonment for a period of one year on each count to run concurrently with each other.

Birnbaum's attorneys interpreted the court's remarks to mean that if the con-

---

* Of the Eastern District of New York, sitting by designation.

viction was sustained Birnbaum could, by following the guidelines contained in the court's remarks, avoid imprisonment and receive probation.

Judge Cooper's reference to Justice Heller prompted Birnbaum to seek out Justice Heller and ask for advice on how best to follow the course seemingly suggested by Judge Cooper's remarks. Justice Heller[1] then approached Judge Cooper at a charity dinner and mentioned Birnbaum's case and the fact that Birnbaum was troubled because he did not know what to do in light of what Judge Cooper had said at the sentencing. Judge Cooper told Justice Heller that Justice Heller could, if he wished, provide guidance for Birnbaum. Justice Heller then suggested three charities in which Birnbaum might become active, and Judge Cooper indicated that he had no objection.

Thereafter, Birnbaum, while his appeal was pending, contributed large amounts of money[2] to the charities and devoted one or two days a week to their work. This fact was mentioned when Justice Heller happened later to meet Judge Cooper at the theater. According to Justice Heller, Judge Cooper said: "That is fine, that is good."[3]

After Birnbaum's conviction had been affirmed and certiorari to the United States Supreme Court from the Court of Appeals had been denied, Birnbaum, represented by counsel, moved Judge Cooper pursuant to Rule 35, Fed.R.Crim.P. for a reduction of the one year imprisonment term and for a suspension of the imprisonment sentence. The motion was argued at length on November 15, 1967. Decision was reserved, and Judge Coop-

er called for an updated probation report.[4] On December 6, 1967, Judge Cooper filed an opinion denying Birnbaum's application. He stated that he had "given long and careful consideration to all of the facts and circumstances of this case, including the defendant's background, the nature and gravity of the offense of which he stands convicted, the probation report from which we have obtained the greatest possible assistance, the papers on which this application is predicated and the presentations of learned and able counsel," and was "satisfied that the sentence imposed on April 1, 1966, should not be disturbed."

Birnbaum then moved for a reargument of this motion. Judge Cooper considered this new motion and, on January 4, 1968, denied it after "estimating the extent of defendant's activities since imposition of sentence and weighing the justice due community and defendant alike * * *." Birnbaum timely appealed from this order.

On January 23, 1968, Birnbaum applied to the district court for an order to show cause why a writ of *coram nobis* should not be granted, to review and correct the sentence so as to place Birnbaum on probation, and, in any event, why, inasmuch as Birnbaum was challenging the legality of Judge Cooper's act, a hearing should not be had at which Judge Cooper would be a summoned witness, to present the relevant facts to the court. This application was heard on January 27 by Judge Inzer Wyatt who promptly denied it after extensive oral argument. This order has been appealed to this court.

1. Justice Louis B. Heller is a Justice of the Supreme Court of the State of New York, Second Judicial District. Justice Heller had served as an Associate Justice of the New York City Court of Special Sessions at a time when Judge Cooper was Chief Justice of that court.

2. Birnbaum is said to have contributed $85,000 to various charitable organizations and pledged an additional $25,000 to help meet their needs.

3. During the hearing before Judge Wyatt it was stated by counsel that Justice Heller had said that Judge Cooper had so remarked.

4. Apparently this was the first official probation report prepared by an officer of the probation service of the Southern District of New York. The probation officer interviewed Birnbaum twice before submitting his report to Judge Cooper.

The two appeals have been consolidated, several stays of execution have been granted, and appellant has not yet commenced to serve his sentence of imprisonment.

Appellant first contends that he has been serving a suspended sentence and has legally been a probationer since April 1, 1966; therefore Judge Cooper's orders directing that appellant's prison sentence be served constituted an illegal revocation of probation. 18 U.S.C. §§ 3651–3656. Appellant maintains that Judge Cooper's sentencing statements and subsequent actions have shown a judicial intention to invoke the provisions of the Federal Probation Act and to place appellant on a probationary status. Of course Judge Cooper's actions failed to comply with the requirements of the Federal Probation Act, 18 U.S.C. §§ 3651–3656, which appellant admits, but appellant argues that the Federal Probation Act is a remedial statute which must be liberally construed, e. g., Scalia v. United States, 62 F.2d 220, 223 (1 Cir. 1932); Reeves v. United States, 35 F.2d 323, 325 (8 Cir. 1929); Nix v. James, 7 F.2d 590, 592 (9 Cir. 1925), and liberal construction of the Act permits the status of probation to exist under the Act even though the technical requirements that are prerequisites under the statutes authorizing the act of grace are not fulfilled. McHugh v. United States, 230 F.2d 252 (1 Cir.), cert. denied, 351 U.S. 966, 76 S.Ct. 1030, 100 L.Ed. 1486 (1956); Campbell v. Aderhold, 36 F.2d 366 (N.D.Ga.1929).

█ This contention must be rejected. Judge Cooper's statements at appellant's sentencing do not reflect any present intention to place the appellant on probation. At most, the statements only contain an intimation that if appellant made an "impressively convincing showing" of a change in attitude and character before the jury's verdict received the final approval of the appellate courts the sentencing court *might then* consider suspending the appellant's sentence of imprisonment and might grant probation. The lack of a clear, present intent at the time of sentencing to impose some form of probationary status distinguishes the present case from those cited by appellant. See McHugh v. United States, supra; Campbell v. Aderhold, supra. Both *McHugh* and *Campbell* involved situations where the sentencing judge obviously intended to place the convicted person on probation but failed to articulate his intentions unambiguously.

█ Judge Cooper's and Justice Heller's private conversations at social gatherings do not materially aid appellant's contentions. Even if intended to result in probationing appellant, the conversations could not have had that legal effect. Liberal construction of the Federal Probation Act does not permit a complete disregard of the technical requirements of the Act. The Act expressly contemplates extensive investigation of an accused's background by the probation service of the court before probation may be initially authorized, and close supervision thereafter by a person formally appointed by the court for that purpose, see 18 U.S.C. § 3654, who usually is an officer of the probation service. See 18 U.S.C. §§ 3651–3656; Rule 32, Fed.R.Crim.P. To allow the status of probation to be formulated and administered during purely social gatherings would not only cause a great deal of enforcement uncertainty but would be contrary to the general policies underlying the Act. Furthermore, Justice Heller's private conversations with Judge Cooper only reflect Justice Heller's willingness to aid appellant in achieving the necessary change in his character which might merit a later grant by Judge Cooper of probationary grace. Judge Cooper's replies to Justice Heller's comments only show that he had no objection to Justice Heller's activities on behalf of Birnbaum.

A complete and thorough reading of the record reveals that until the *coram nobis* hearing before Judge Wyatt neither appellant nor anyone who had been present at the sentencing of Birnbaum believed that Judge Cooper had then in-

dicated that Birnbaum had been granted probation. The fact that certain leaders of the charitable organizations Birnbaum was aiding may have erroneously believed that Birnbaum's sentence had been suspended when the sentence was imposed has little bearing on the meaning of Judge Cooper's sentencing remarks.[5] It is indeed possible that appellant and his attorneys may have misinterpreted Judge Cooper's language relative to any possible future judicial action, but any such unfortunate misconceptions of appellant and others could not reasonably create in anyone's mind a belief that appellant was serving his sentence pending adjudication of his appeal from his conviction. There just was no language indicating Birnbaum was to enjoy probationary status under the Act, only that execution of the imprisonment sentence was to be stayed pending appeal.

■ Appellant next contends that if his appeal from his conviction was of no avail Judge Cooper conditionally promised him probationary grace if he "realigned his sights," that he relied on that promise, and that the protection of the integrity of the judicial system dictates that this promise be fulfilled. A careful reading of Judge Cooper's statement, however, reveals no conditional promise that appellant's imprisonment sentence would be suspended but only a suggestion that probation remained a feasible possibility. After having been convicted by juries at two trials appellant may well have overly reacted to the faint glimmer of hope offered by the judge's statement. But appellant's state of mind is irrelevant; that he may have been misled by his own wishful thinking or by the overly optimistic advice of counsel provides no basis for the relief he seeks. Cf., Sasser v. United States, 352 F.2d 796 (6 Cir. 1965), cert. denied, 385 U.S. 883, 87 S.Ct. 174, 17 L.Ed.2d 111 (1966).

■■ Even conceding that a vague conditional promise could be extracted from Judge Cooper's statement, Judge Cooper unambiguously reserved the power to reassess the situation and decide whether, after Birnbaum's conviction had become final, probation would be inappropriate in light of all relevant factors, including that of appellant's behavior while his appeal was pending. Probation is not a matter of right, or a contract; it is a matter of grace, e. g., Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Fox v. United States, 354 F.2d 752, 754 (10 Cir. 1965); Bryson v. United States, 265 F.2d 9 (9 Cir.), cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1535 (1959); United States v. Gerson, 192 F.Supp. 864 (E.D. Tenn. 1961), affirmed, 302 F.2d 430 (6 Cir. 1962), and it should only be granted when both the individual's and the public's interests will be best served by the suspension of sentence. See Toyosaburo Korematsu v. United States, 319 U.S. 432, 435, 63 S. Ct. 1124, 87 L.Ed. 1497 (1943); Kirsch v. United States, 173 F.2d 652 (8 Cir. 1949); United States v. Nix, 8 F.2d 759 (S.D. Cal. 1925); United States v. Durkin, 63 F.Supp. 570 (N.D. Ill. 1945).

■ Birnbaum further asserts that fundamental ideas of fairness demand that he be placed on probation because he was misled by Judge Cooper's remarks and actions. But Birnbaum did not lose any basic rights by following the advice of Judge Cooper. He was not induced to plead guilty by the judge's alleged promise of probation. See, e. g., Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958); Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941). Birnbaum was convicted by a jury after a full and fair trial. Birnbaum may indeed have devoted much time and effort and have

5. A number of charitable organizations, in which Birnbaum was active, submitted letters and affidavits below requesting that Birnbaum be *continued* on probation.

Counsel representing charities assisted by Birnbaum was permitted to file briefs and to argue in the district court and in the Court of Appeals.

contributed large sums to charities in the hope that these activities might keep him free from confinement. That was a calculated risk that he undertook in an effort to persuade the sentencing judge that he should not suffer confinement, an effort that proved fruitless.

 Lastly, appellant contends that the unusual circumstances of this case dictate that this court should either formalize a probationary status for him or order that the court below issue a writ of *coram nobis* with the resulting evidentiary hearing. Basically, the appellant appears to believe that Judge Cooper abused his discretion by not granting appellant probation after dangling the possibility of probation before him if he "realigned his sights," which the judge's statement induced him to do.

We see no abuse of discretion on the part of Judge Cooper or any need for any further investigation in this matter. Judge Cooper appears to have given long and detailed consideration both to the appellant's original one year imprisonment sentence and to appellant's subsequent motion for a reduction and a suspension of that sentence. It appears that in the judge's eyes appellant did not make the "impressively convincing showing" that the judge felt was necessary before he could grant probation. Also, the judge did not seem to feel that the best interest of the public would be served by granting appellant probation.

The question before us for decision is not whether this court or another sentencing judge might have reacted differently to the request for modification of the sentence. Absent an abuse of discretion, Judge Cooper's determination must stand and cannot be disturbed on appeal. E.g., Heath v. United States, 375 F.2d 521 (8 Cir. 1967); United States v. Piccioli, 352 F.2d 856, 859–860 (2 Cir. 1965); Mount v. United States, 333 F.2d 39, 45 (5 Cir.), cert. denied, 379 U.S. 900, 85 S.Ct. 188, 13 L.Ed.2d 175 (1964); Pependrea v. United States, 275 F.2d 325, 329–330 (9 Cir. 1960); Roth v. United States, 255 F.2d 440 (2

Cir.), cert. denied, 358 U.S. 819, 79 S.Ct. 31, 3 L.Ed.2d 61 (1958); United States v. Rosenberg, 195 F.2d 583, 603–609 (2 Cir.), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687 (1952).

Moreover, there being no abuse of discretion which would permit appellate reversal of the sentencing judge's decision to adhere to the unreviewable sentence he had originally imposed, it would also be improper to permit review through the use of a collateral method, such as a writ of *coram nobis*.

Affirmed.