**UNITED STATES of America, Appellee,**

v.

**Luke Hamilton JONES, Appellant.**

**No. 997, Docket 71–1408.**

United States Court of Appeals, Second Circuit.

Argued May 28, 1971.

Decided June 4, 1971.

Jesse Berman, New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellant.

Peter L. Truebner, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. of New York, Jack Kaplan, Asst. U. S. Atty., on the brief), for appellee.

Before KAUFMAN and HAYS, Circuit Judges, and MANSFIELD, District Judge.*

PER CURIAM:

This appeal is from a denial of a motion made pursuant to Rule 35 of the Federal Rules of Criminal Procedure to reduce a two year sentence which had previously been imposed on defendant as a result of a conviction for unlawfully failing to report for induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462(a) (1964).

At a hearing on the motion, the district judge, under the mistaken impression that the matter was one to be han-

* Of the United States District Court for the Southern District of New York, sitting by designation.

dled by appellant's draft board, denied the motion but adjourned appellant's surrender for 30 days to allow him time to contact his board. When the board disclaimed jurisdiction the district judge recognized his error and ruled on the motion:

"When this matter came to me first, I felt that it presented a question of law alone and that I was without power. That was my curbstone reaction. But upon reflection since that time, which was well over a month ago, I have concluded that it is a matter of discretion, and I am acting upon it in the exercise of discretion.

"I have come to the conclusion that I should not change the sentence according to your motion.

"I have been prompted by the fact that if we are going to permit a change of sentence in all these cases because of change of circumstances between the time of the imposition of sentence and the time that an appeal or an application for a writ is exhausted, we are never going to get permanency of sentence and a final determination in criminal prosecution, which is so desirable and necessary for proper administration."

It is appellant's contention that the judge's action constituted a refusal to consider changed circumstances because of the desirability of "permanency of sentence." Such a refusal would be contrary to the purposes of Rule 35 and would be erroneous. "Rule 35 is intended to give every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." United States v. Ellenbogen, 390 F.2d 537, 543 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968).

We believe that in the present case the district judge did consider the changed circumstances but, weighing them against the desirability of permanence of sentence, decided that *in this case* the interest in "permanency of sentence" was entitled to more weight than the changed circumstances. This result was within the scope of the broad discretion permitted district judges on Rule 35 motions. United States v. Kee Ming Hsu, 424 F.2d 1286, 1291 (2d Cir. 1970); U. S. v. Birnbaum, 402 F.2d 24, 30 (2d Cir. 1968), cert. denied, 394 U.S. 922, 89 S.Ct. 1181, 22 L.Ed.2d 455 (1969); 2 C. Wright, Federal Practice and Procedure § 588 at p. 576 (1969).

Affirmed.