99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
George A. MAYES, Plaintiff-Appellant,
v.
Lester E. JONES, President, Defendant,
and
LOCAL 106, INTERNATIONAL UNION OF OPERATING ENGINEERS;
Willard J. Labarge, Business Manager; and Diane
O'Hare, Office Manager, Defendants-Appellees.
 No. 95-7500.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: George A. Mayes, pro se, Warrensburg, NY.
 Appearing for Appellee: Richard P. Walsh, Jr., Lombardi, Reinhard, Walsh & Harrison, Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was submitted.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Present: WINTER, WALKER, Jr., CABRANES, Circuit Judges.
 
 
 1
 George A. Mayes, pro se, appeals from Judge McCurn's decision, after a bench trial, denying Mayes relief on various labor law and contract claims. Mayes, an operator of cranes and other heavy equipment, brought this action against his union and several union officials and employees on January 10, 1986. In his amended complaint, Mayes alleged that: i) the defendants' bad-faith use of the union's job referral system violated the union's duty of fair representation; ii) defendants manipulated the job referral system in violation of his rights under 29 U.S.C. §§ 411(a)(1) and (a)(2); iii) the defendants interfered with his right to access union records in violation of 29 U.S.C. § 431(c); iv) the defendants' job referral procedures constituted illegal "discipline" under 29 U.S.C. § 529; v) defendants breached their collective bargaining agreement by failing to refer Mayes to employment on an equal basis as similarly situated union members; vi) the union constitution and Local 106's by-laws were breached by discriminatory job referrals in violation of 29 U.S.C. § 185; and vii) the breach of the constitution and by-laws constituted a breach of contract. The union subsequently filed several counterclaims and moved for summary judgment. In October 1993, the district court partially granted defendants' motion. After almost eight years of discovery, the remaining claims and counterclaims proceeded to trial. On January 20, 1995, the district court entered a detailed Memorandum-Decision and Order resolving Mayes's remaining claims against him. It also held that the defendants had failed to prove their counterclaims. Mayes appealed. There was no cross-appeal from the dismissal of the counterclaims.
 
 
 2
 We dispose first of a jurisdictional issue. Upon learning of the district court's order, Mayes telephoned Judge McCurn's chambers seeking an extension of time to file a motion for reconsideration pursuant to Fed.R.Civ.P. 52(b). By letter, the district court granted Mayes a "thirty day extension of time in which to file a motion for reconsideration." Mayes subsequently filed a motion requesting relief under Rule 52(b). In an order dated April 11, 1995, the district court construed the motion as a motion under Fed.R.Civ.P. 60(b) and denied it. On May 10, 1995, Mayes appealed "from the Memorandum-Order and Decision ... entered ... on the 10th day of April, 1995," which all parties understand to be the district court's order denying Mayes's motion for reconsideration. Appellees argue that Mayes is barred from raising any issues beyond the denial of his motion for reconsideration because an appeal on the merits of Judge McCurn's January 10, 1995 order would be untimely.
 
 
 3
 Although we agree with appellees that Mayes's failure to file a timely appeal from the district court's January 10th decision would ordinarily render his appeal on the merits of that order untimely, see Fed. R.App. P. 4(a)(1); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (time limit for appeals is "mandatory and jurisdictional"), we believe that in light of his pro se status, it would be an injustice to not consider his argument. Mayes operated on the understandable assumption that his post-judgment motion would be considered under Rule 52(b), just as he drafted it. Such a motion would have tolled the time for filing an appeal. Fed. R.App. P. 4(a)(4)(b). The district court's letter granting an extension of time made Mayes's assumption even more plausible. Although Mayes could have discovered his predicament by reading Fed.R.Civ.P. 6(b), which prohibits the court from extending the time to file a Rule 52(b) motion, Mayes's pro se status militates against punishing Mayes for the contradiction between Rule 6(b) and the district court's order. In addition, we believe that it is clear that Mayes intended to appeal from the judgment on the merits, not just from the denial of post-judgment relief. The appellees have responded to Mayes's arguments in full and cannot, therefore, be prejudiced in any way from the inaccuracy in Mayes's notice of appeal. We will therefore consider his appeal on the merits of the January 20, 1995 Memorandum-Decision and Order. See Krause v. Bennett, 887 F.2d 362, 367 n. 2 (2d Cir.1989) (where litigant's intentions are clear technical inaccuracies will not bar appeal).
 
 
 4
 On appeal, Mayes raises twenty-seven specific claims of error by the district court. We discuss in detail only four of Mayes's claims.
 
 
 5
 First, Mayes argues that the district court erred in affirming Magistrate Judge Smith's order denying additional depositions of defendant O'Hare and determining that the complaint covered the period from September 1980 to January 10, 1986, thus denying Mayes access to tape recordings of union meetings held earlier in 1980. We review the district court's discovery rulings for abuse of discretion. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir.1994). The district court did not abuse its discretion in denying additional depositions of O'Hare. O'Hare had been deposed twice by Mayes and had answered at least seven sets of interrogatories before Mayes made a further request for a deposition. Given the eight years of discovery in this case and Mayes's questionable need for further material from O'Hare, we cannot say that the district court's ruling was an abuse of discretion.
 
 
 6
 Second, we do not believe that the district court abused its discretion in denying Mayes access to the tape recordings where those recordings were not made during the period of alleged discrimination and thus were of questionable relevance, and where the evidence was, in any event, cumulative.
 
 
 7
 Third, we consider Mayes's claim that the district court erred in admitting into evidence, over his objection, a document that purported to show that Mayes had worked more hours than the average union member on the union's "out-of-work list." This document, based partly on pension records, showed that for four out of six months from July 1985 through December 1985, and for two years from 1983 to 1985, Mayes worked more than the average member. This exhibit relied in part on data not produced at trial, not included in the record on appeal, and thus not available to this court. It also appears that despite their own offers to do so, the defendants never presented evidence regarding the exhibit's provenance or its accuracy, and relied instead on the testimony of O'Hare that the records came from the union's pension office. For the purposes of this appeal we will therefore make the very plausible assumption that the exhibit was unsupported "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); see also United States v. Hon, 904 F.2d 803, 809 (2d Cir.1990), cert. denied, 498 U.S. 1069 (1991). Erroneous evidentiary rulings alone do not, however, lead to automatic reversal. Phoenix Assocs. III v. Stone, 60 F.3d 95, 104 (2d Cir.1995). We will reverse only where the improper admission of evidence affects a substantial right of one of the parties. Id. at 104-05. To make this determination, we must make "an assessment of the likelihood that the error affected the outcome of the case." Malek v. Federal Ins. Co., 994 F.2d 49, 55 (2d Cir.1993) (internal quotation marks and citations omitted). Admission of the challenged exhibit did not affect the result in this case. Even disregarding the challenged exhibit, Mayes fell far short of proving at trial the arbitrary, discriminatory, or bad faith conduct necessary to prove a claim for breach of the duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 190-92 (1967). The district court carefully considered the facts of each alleged instance of job discrimination, concluding that defendants applied their selection criteria fairly and impartially, sometimes to the detriment of Mayes and at other times to his benefit. We agree with the district court's conclusion, and hold that exclusion of the challenged exhibit would not have altered the result, nor affect the outcome of Mayes's claim under 29 U.S.C. §§ 411(a)(1) and (a)(2). The exhibit is not at all relevant to the remainder of Mayes's claims, and a fortiori could not have affected their outcome.
 
 
 8
 Finally, Mayes argues that during trial, the district court rushed him and misled him into believing that he had entered sufficient evidence, thus causing him not to present more evidence. With respect to Judge McCurn's conduct of the proceedings, we see no impermissible "rushing" of the trial. Indeed, to the extent that the district court sought to adopt time-saving measures, Mayes was the beneficiary, as he was permitted to ask leading questions to "shorten" the examination of the witnesses. Finally, Judge McCurn allegedly made the misleading statement at the close of trial, when he noted Mayes's intention to examine witnesses the next day and commented that "if you decide to have none, that's alright with me." This highly ambiguous comment gives us little pause. To the extent that Mayes relied on it in his decision to present no more evidence, that reliance was at his own risk. See United States v. Birnbaum, 402 F.2d 24, 29-30 (2d Cir.1968), cert. denied, 394 U.S. 922 (1969).
 
 
 9
 We find the remainder of Mayes's claims to be without merit for substantially the reasons stated by the district court in its Memorandum-Order and Opinion dated January 20, 1995.
 
 
 10
 We therefore affirm.