**Eron Marraro DAVIS, Petitioner,**
v.
**Jacob J. PARKER, Warden, Respondent.**
**Civ. A. No. 3626.**

United States District Court
D. Delaware.
Dec. 9, 1968.

F. Alton Tybout, Wilmington, Del., for petitioner.

Alexander Greenfeld, U. S. Atty., and L. Vincent Ramunno, Asst. U. S. Atty., Wilmington, Del., for respondent.

**1390**

## OPINION

STEEL, District Judge.

This is a motion pursuant to 28 U.S.C. § 2255 to vacate a sentence imposed by this Court in Criminal Action No. 1531 following its revocation of petitioner's probation. Petitioner has been represented by counsel in Criminal Action No. 1531 and in connection with the present motion.

The following facts appear either from the records in Criminal Action No. 1531 or from the hearing conducted pursuant to § 2255:

On July 1, 1964, petitioner was convicted in Criminal Action No. 1531 on his plea of guilty to the offense of possession of a sawed-off shotgun without payment of the tax required by 26 U.S. C. §§ 5851 and 5861. Imposition of sentence was suspended and petitioner was placed on probation for three years.

At the time of sentence, petitioner was incarcerated in the New Castle County Correctional Institution in Delaware on a state conviction. In addition, petitioner then had charges pending against him in the United States District Court for the District of New Jersey for which a detainer had been lodged against him with the New Castle County Correctional Institution.

These circumstances led this Court in petitioner's presence to impose the following *oral* sentence:

"In view of the time you have spent in jail and the time you have to continue to be incarcerated in the New Castle Workhouse I am going to place you on probation for a period of three years which will begin when you are released from the New Castle Workhouse *or* when you are released from any sentence which may be imposed by the New Jersey court if there is a sentence imposed by that court. * *" [Emphasis added].

On the same day this Court filed a *written* judgment which contained the following sentence:

"Imposition of sentence is suspended, and defendant is placed on probation for a period of three (3) years, said period of probation to commence at the expiration of the prison sentence which the defendant is now serving in the New Castle Correctional Institution as a result of a judgment by the Superior Court of the State of Delaware *and* any prison sentence which may be imposed on the defendant by the United States District Court for the District of New Jersey in a case presently pending in that court and for which a detainer has been lodged against the defendant with the New Castle Correctional Institution." [Emphasis added].

This written sentence was never seen by petitioner.

After hearing the oral sentence, petitioner on the same day signed the "Conditions of Probation" which were prepared by the Office of Probation.

There were nine "general conditions" of probation contained in the printed form which petitioner signed, the first of which was:

"(a) Refrain from the violation of any state and federal penal laws."

Below this the Probation Office typed the following "special condition" purportedly ordered by the Court:

"Imposition of sentence is suspended and you are placed on probation for a period of three years *from this date.*" [Emphasis added].

Thereafter the Probation Officer stated to petitioner that the Conditions of Probation which he had signed were incorrect and that a further set of conditions would be prepared and given to him to sign. Although a new set of special conditions containing the same terms as the written judgment were prepared by the Probation Officer, no copy was ever signed by petitioner and he never saw them.

On July 24, 1964, petitioner was released from the New Castle County Correctional Institution.

On January 26, 1966, the United States District Attorney for the District of New Jersey entered a nolle prosequi to the charges pending against petitioner in New Jersey. Between January 26, 1966, the date when the nolle prosequi was entered in New Jersey, and May 11, 1967, petitioner committed various criminal acts which justify a revocation of his probation for cause. Petitioner was not informed prior to May 11, 1967, by the New Jersey authorities or by anyone else that the New Jersey charges had been dropped.

On May 11, 1967, the Probation Officer wrote to petitioner and informed him that he (the Probation Officer) had "recently" determined that the charges in New Jersey had been nolle prossed on January 26, 1966, and that therefore petitioner's probationary period "began as of that date." The letter also stated that in view of the offenses committed by petitioner since January 26, 1966, for which he was then incarcerated, a warrant had been issued for his arrest to determine if he had violated his probation.

On the same day, the Probation Officer filed with this Court a "Petition for Action of Court for Cause" requesting an order for the arrest of petitioner so that a hearing could be held to determine whether he had "violated his probation." The petition alleged that the probation commenced on January 26, 1966, that on June 28, 1966, the petitioner, after entering a plea of guilty, was sentenced by Alderman McCann of Newark, Delaware, to six-months imprisonment for carrying a concealed deadly weapon, and in addition was fined $250 and sentenced to an additional sixty days in default of payment of the fine; and that on September 23, 1966, petitioner pleaded guilty to fourth-degree burglary in the Superior Court of Delaware and on October 28, 1966, was sentenced by Judge O'Hora to five years imprisonment beginning June 17, 1966, and ending on December 16, 1967, with the balance of the five-year sentence to be served on probation.

A hearing was held on June 26, 1968, at which petitioner admitted the commission of the crimes alleged in the "Petition for Action of Court for Cause." Thereupon, the Court found that the conditions of petitioner's probation had been violated, revoked petitioner's probation, and imposed a sentence (initially suspended on July 1, 1964) of five years under 18 U.S.C. § 4208(a) (2). Petitioner is now serving that sentence.

On October 28, 1968, petitioner filed a "Petition for Habeas Corpus", the petition of present concern, which is being treated as a motion under 28 U.S.C. § 2255 inasmuch as petitioner is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

A hearing on the motion was held on November 8, 1968, at which certain of the facts above-recited were developed.

Petitioner makes two attacks upon the sentence imposed upon the revocation of probation. He claims that (1) the judgment of July 1, 1964, placing petitioner on probation was invalid because the time when the probation was to begin was too indefinite; and (2) because of this indefiniteness and the failure of anyone to advise petitioner that the federal action in New Jersey had been dismissed on January 26, 1966, he had no knowledge when he committed the crimes in the summer of 1966 that his probationary period had begun to run on January 26, 1966. For these reasons petitioner claims that the judgment of June 27, 1968, revoking his probation and sentencing him to a five-year term was invalid.

The contentions of petitioner rest principally upon a misconception of the power of the Court to revoke probation in the circumstances of the present case. Petitioner assumes that the Court may only revoke probation for acts done by petitioner while he was knowingly on probation. But the power to revoke probation is not so circumscribed.

Probation is an act of grace, and a defendant does not gain a vested right in his present or future probationary status once a probationary sentence

is imposed. Thus probation may be revoked for cause if a court is satisfied after a hearing that a defendant's conduct has been such that the ends of justice, and the interest of society and the defendant will be served by the revocation. It is not a prerequisite to such a revocation that the conditions of probation be actually operative at the time when the acts occur which lead to the revocation of probation, or for a defendant to know that he is on probation. The mere failure of a defendant to receive notice of the actual commencement of probation does not prevent a court from revoking his probation for good cause.

The philosophy underlying the power of a court to grant, modify and revoke probation is expressed by Chief Justice Hughes in his landmark opinion in Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). There the Court pointed out that the Federal Probation Act, now codified in 18 U.S.C. §§ 3651–56, authorizes a district court to suspend the imposition of sentence and to place a defendant on probation when the district court is satisfied "that the ends of justice and the best interest of the public as well as the defendant will be served." 18 U.S.C. § 3651. The Probation Act, the Court stated (287 U.S. at 220, 53 S.Ct. at 155),

> " * * * was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. * * * Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. * * The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would

be possible only in the exercise of a broad discretion."

The Court then stressed the broad discretion of a district court in revoking probation (287 U.S. at 221, 53 S. Ct. at 156):

> "There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The court may revoke or modify any condition of probation, or may change the period of probation.' [18 U.S.C. § 3651]. * * * No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. * * *
>
> Such procedural provisions as the act contains harmonize with the view that the continuation of the probation, as well as the grant of it, rests in the court's discretion."

The Court also made it clear that the mere failure of a probation officer to inform a defendant of matters pertaining to probation does not prevent a court from revoking probation for cause. The Court said (287 U.S. at 222, 53 S.Ct. at 156):

> "The duty placed upon the probation officer to furnish to each probationer under his supervision 'a written statement of the conditions of probation' and to 'instruct him regarding the same' [18 U.S.C. § 3655] cannot be deemed to restrict the court's discretion in modifying the terms of probation or in revoking it. The evident purpose is to give appropriate admonition to the probationer, not to change his position from the possession of a privilege to the enjoyment of a right. He is still a person convicted of an

offense, and the suspension of his sentence remains within the control of the court."

These standards set forth in *Burns*, supra, governing a court in its decisions to grant, revoke or modify the terms of probation, do not curtail the power of a court to revoke probation for cause merely because a defendant lacks knowledge that he is on probation when he commits offenses. Indeed, the terms of probation need not even be operative for a court to make a determination to revoke probation for cause.

Thus, in Trueblood Longknife v. United States, 381 F.2d 17 (9th Cir.1967), cert. denied, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968), the Court held that probation might be revoked for acts which had taken place prior to the time when probation went into effect. The Court, relying on Burns v. United States, supra, held that (381 F.2d at 20):

"*Burns* gave the court the discretion to look at the wisdom and justice of continuing probation, but it nowhere provided that the discretion could only be exercised when the probationer has been in 'breach' of his probation conditions. Quite the contrary, the Court held that the *only limit* placed upon the exercise of the judge's discretion is that he must be satisfied that his action will subserve the ends of justice and the best interests of both the public and the defendant."

Similarly, in Reed v. United States, 181 F.2d 141 (9th Cir.1950), cert. denied, 340 U.S. 879, 71 S.Ct. 116, 95 L.Ed. 639 (1950), the Court held that probation could be revoked for criminal acts committed during a time when probation had been suspended by the district court. The Court, after referring to Burns v. United States, supra, stated (181 F.2d at 142):

"The mere fact that Reed, at his own request, was allowed to quit the country and while away to be free from the probation requirements does not deprive the court which sentenced him

of jurisdiction to take note of his conduct while away in determining whether he is presently a fit subject for continued probation. The theory of probation is that the convicted person is material for rehabilitation and it is well within the court's jurisdiction and discretion to take the probationer's conduct while in Mexico into consideration on that issue. A lawbreaker in the United States, who had been the recipient of the court's mercy, who continued to commit serious crimes in another country, would be a poor probationary risk upon his return to this country."

In Cline v. United States, 116 F.2d 275 (5th Cir.1940), the Court upheld the revocation of probation imposed on one count of an indictment which was to have begun at a future date, the revocation having been based on defendant's possession of contraband narcotics while awaiting transportation to prison to serve a sentence on a separate count.

The concurring opinion of Judge Waller in James v. United States, 140 F.2d 392, 394 (5th Cir.1944), expresses the broad power to revoke probation even prior to the commencement of the probationary period:

"If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of same would not be in subservience of the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not 'change his position from the possession of a privilege to the enjoyment of a right.' Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266."

█ It is clear, therefore, that this Court had discretion to revoke petitioner's probation for offenses admittedly committed by petitioner, and this discretion was not diminished by the fact that petitioner may have lacked knowledge that he was on probation. Petitioner has not asserted that he in any way lacked culpability for the offenses which led to a revocation of his probation.

█ Petitioner's arguments rest largely upon the confusion engendered by the terms of the oral sentence, and by the conflicting terms of the oral and written judgment of July 1, 1964, and of the conditions of probation which defendant signed. But whatever confusion they may have caused as to the exact moment when probation was to begin, it is clear that petitioner was in no way prejudiced thereby. When on July 1, 1964, the imposition of sentence was suspended and defendant was placed on probation for three years, he must have realized that the Court's action was motivated by a desire to give him a "second chance" which he should have as soon as he was freed from prison. However ignorant petitioner may have been about the time when his probation was to begin, he must have known that any criminal action committed after he had obtained his freedom would be inconsistent with the very purpose of his probation. Petitioner's acts while freed from prison provided the Court with ample basis for revoking his probation.

When on June 27, 1968, this Court in its discretion revoked the probation of petitioner and imposed the prison sentence on him, the Court was satisfied that the ends of justice and the best interests of the public as well as the defendant would be served thereby. No facts which the present proceedings have brought to the Court's attention have caused it to change its mind in this regard.

█ Petitioner also claims that the judgment of June 27, 1968, revoking his probation and sentencing him to a five-year term was invalid because the judgment of July 1, 1964, placing him on probation was invalid for indefiniteness. Invalidity of a sentence placing a defendant on probation is not in itself grounds for holding invalid a sentence imposed upon revocation of probation. If the judgment of July 1, 1964, suspending sentence and granting probation was invalid, then the sentence later imposed on June 26, 1968, upon the revocation of probation stands as a valid sentence imposed for the crime of which the defendant was originally convicted.

In Whitehead v. United States, 155 F. 2d 460 (6th Cir. 1946), cert. denied, 329 U.S. 747, 67 S.Ct. 66, 91 L.Ed. 644 (1947), a defendant moved to set aside a sentence imposed upon the revocation of his probation on the ground that the judgment was void for want of jurisdiction in that he had never been properly placed on probation in the first place. The Court rejected this argument, stating (155 F.2d at 461):

"The appellant's principal contention is that the probation was void under the statute, because of the indefiniteness of its duration, because no terms and conditions of probation were incorporated in the sentence and because he was never taken under the supervision of the probation officer. The short answer to that contention is that if the probation sentence was a nullity the appellant was never sentenced under the third of the earlier series of indictments, and that the sentence [upon revocation of probation] subsequently imposed thereon was valid." *

Gaddis v. United States, 280 F.2d 334, 336 (6th Cir.1960), voiced the same reasoning that

"[i]f the suspension of sentence was void, the District Judge was clearly within his rights in resentencing Gaddis when he revoked his probation."

---

* The Court then held that there was no invalidity of the sentence placing the defendant on probation.

The five-year sentence imposed on petitioner on June 27, 1968, is not subject to any constitutional or jurisdictional infirmity or otherwise subject to collateral attack. The sentence was within the maximum imposed by law.

The motion to vacate and set aside the judgment will be denied.

This opinion constitutes the findings of fact and conclusions of law required by 28 U.S.C. § 2255.