**UNITED STATES of America**

**v.**

**Thomas Ray BUCHANAN.**

**No. 91–67 Cr.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

March 28, 1972.

Warren H. Coolidge, U. S. Atty., E.D. N.C. by Joseph W. Dean, Asst. U. S.

Atty., Crim. Section, Raleigh, N. C., for plaintiff.

Thomas Ray Buchanan, pro se.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

This cause is before the Court in an action by Thomas Ray Buchanan to set aside an allegedly illegal sentence imposed by this Court on October 19, 1971 pursuant to the revocation of a period of probation which had been imposed by this Court on November 5, 1970. The Court has treated the paperwriting filed in this case as a motion filed within 120 days, as provided for by the law, seeking to set aside an illegal sentence under Rule 35, Federal Rules of Criminal Procedure. The Government answers the complaint denying that the sentence in question was illegally imposed.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The petitioner in this case was originally before this Court on September 25, 1967, when he pled guilty to violations of Title 26, U.S.C., §§ 5179, 5180, 5601(a) (7), 5686(a), and 7206(4). Upon conviction, the Court sentenced him to 3 years, suspended the sentence, fined him $100, and placed him on probation for a period of 3 years. On September 19, 1970, this Court extended the probation for a period of 1 year from September 27, 1970. On November 5, 1970, the Court revoked petitioner's probation, having found five violations of the terms and conditions of probation, and ordered that the petitioner serve 3 years. Under the provisions of Title 18, U.S.C. § 3651, it was ordered that the petitioner serve 6 months of this sentence, that the remainder of the sentence be suspended and that the petitioner be placed on probation for a period of 2 years, such period to begin upon his release from custody. On October 19, 1971, the petitioner was again brought before this Court for violation of the terms and conditions of his probation, his probation was revoked, and he was sentenced to serve the remainder of the sentence imposed by the Court on November 5, 1970. The petitioner contends that this sentence was illegally imposed since the period of probation for which he had been sentenced for the single offense for which he was convicted on September 27, 1967, exceeded 5 years in violation of Title 18 U.S.C., § 3651.

Petitioner is presently confined in the Federal Prison at Eglin Air Force Base, Florida pursuant to the revocation of his probation entered on October 19, 1971, and he has approximately 2 years left to be served upon his 2 and ½ year sentence. This period represents the balance of the original 3 year sentence that the petitioner was given in 1967, minus the ½ year that he had already served under the November, 1970 sentence. It cannot be denied that the total time that the petitioner may have had to serve on probation exceeded the statutory 5 year limit under 18 U.S.C. § 3651. The total probation which the petitioner had served prior to November 5, 1970, when the probation was revoked amounted to some 3 years, 1 month, and 8 days. Thus, the imposition of the additional 2 years of probation on November 5, 1970, resulted in a total possible probationary period of 5 years, 1 month, and 8 days. When the probation imposed on November 5, 1970 was revoked, however, the petitioner had actually served some 3 years, 8 months, and 8 days of probation under the conviction of September 28, 1967. Thus, the petitioner's claim must rely on the proposition that the sentence imposed on November 5, 1970 was totally invalid merely because the probation imposed may have exceeded the Statutory limitation, since in operation, the actual period served did not exceed the limit. The Court must, therefore, determine whether or not it exceeded its authority in the imposition of the additional probationary period on November 5, 1970, and whether or not, if it did exceed its authority, the sentence imposed under the revocation of the additional probation period was thereby rendered

invalid. For the reasons set forth herein, it is clear that both issues must be answered in the affirmative, and the petitioner must be released from custody forthwith.

The imposition and regulation of the Court's power to impose probation in criminal cases is a creature of legislative creation Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L. Ed. 62 (1955), and is clearly a matter of "grace" rather than a right. Fox v. United States, 354 F.2d 752 (10th Cir. 1965); United States v. Birnbaum, 402 F.2d 24 (2nd Cir. 1968). As a creature of Statutory creation, the Courts are left to follow the clear dictates of the relevant Statutes in determining whether or not probation can be given in any particular case. The Statutory scheme for the imposition of probation is set forth in Title 18, United States Code, §§ 3651–3656. Section 3651 sets forth the general rules which govern probation. Section 3653 sets forth the procedures and rules to be followed by the Courts in the revocation and resentencing of probation violators. These two sections are of paramount importance in the present case.

Section 3651 provides, in part:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court . . . when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or the execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

"The court may revoke or modify any condition of probation, or may change the period of probation."

"The period of probation, together with any extension thereof, shall not exceed five years."

It is this last provision that the petitioner claims the Court has ignored. The allegation would appear to be that since the language of § 3651 indicates that the Court was without power to impose the additional probationary period the Court was without power to impose any sentence under the additional probationary period. To render such a holding would appear to be placing the carriage before the horse. Just because the petitioner may have had to serve a period of probation in excess of the maximum provided for by law, would not render a sentence entered for a probation violation occurring before the expiration of the 5 year maximum period invalid. The Court has not been able to find any persuasive authority on this point either way. The 10th Circuit Court of Appeals has held that a sentence imposed pursuant to a probation violation is invalid when the probation given exceeds the maximum as prescribed by law. Fox v. United States 354 F.2d 752 (10th Cir. 1965). In *Fox*, however, the probationer had actually been serving more than the maximum 5 years on probation when the offense occurred and his probation was revoked.

The facts of *Fox* clearly reveal its inapplicability to the present case insofar as the applicability of § 3651 is concerned. In *Fox*, the petitioner was convicted in United States District Court on a two count indictment upon his entering a plea of guilty to both counts. He was sentenced to probation for a period of five years probation on both counts, to run consecutively. On December 5, 1958, the probationer admitted violations of the terms and conditions of his probation, was sentenced to 2 years, later changed to 1 year, and given an additional probationary period of five years on the second count of the indictment. In 1962, he was brought before the Court again for violations of the 1958 probation, and was sentenced to serve 5 years on the second count of the indictment. The original grant of probation was entered in 1953, and it is evident that the final probationary period and the subsequent revocation proceeding took place after the probationer had

served over 5 years under the supervision of the probation department.

On these facts, the Court found that the terms of § 3651 had clearly been violated, and that:

"When a violation of probation occurs after the expiration of the maximum five-year term permitted by statute, the court has no power to revoke probation and to impose sentence." 354 F.2d at 754.

■ A cursory examination of the facts of this case reveals that the petitioner's probation was not revoked after he had served in excess of the 5 year maximum period. He had, in fact, served only 3 years, 8 months, and 8 days under the supervision of the Probation Department. The Court feels that the decision in the *Fox* case cannot be read in such a way so as to give the petitioner relief on this aspect of his complaint. To require that, merely because a grant of probation may exceed the statutory limit, any sentence imposed thereunder is invalid, without regard as to the time of the imposition of the sentence as well as the time of the probation violation, would be carrying the language of *Fox* too far. The cases are clearly distinguishable. (As to the point of whether or not an invalid probation sentence should render, in itself, a later sentence imposed upon the revocation of probation invalid, see Davis v. Parker, 293 F.Supp. 1388 (D.Delaware, 1968) ). Where, as here, the sentence imposed upon the revocation of probation was entered within the statutory 5 year limit, and the probation violation occurred within the statutory 5 year limit, § 3651, United States Code, Title 18, does not operate to invalidate a sentence given upon revocation of probation merely because the probationary period may have exceeded the statutory limit.

The complaint does, however, raise other important issues of law which must be decided by the Court in order to dispose of the case. Even though the Court does not feel that the dictates of Title 18, United States Code, § 3651 have been violated in this case, the provisions of Title 18, United States Code, § 3653 cannot be ignored in this matter.

Title 18, United States Code, § 3653, generally provides for the alternatives that a Federal Judge may utilize in resentencing a probation violator, after he has been brought before the Court by the Probation Department. The relevant section of § 3653 reads as follows:

"Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

Thus, it is apparent that there are only three alternatives for a Federal Judge upon the resentencing of a probation violator: 1) He may impose the original sentence that he imposed upon the conviction of the probationer, 2) He may impose any lesser sentence than the sentence he originally imposed, or 3) He may, if he suspended the imposition of sentence at the trial of the cause, impose any sentence which could have originally been imposed. No. 3 is obviously inapplicable in the present case since the Court imposed a sentence at the original trial of the cause, and merely suspended the execution of the sentence. Nos. 1 and 2 are the only possible alternatives in this cause.

■ Nowhere in the statute is there any mention of the power of the Court to impose any additional period of probation after the revocation of any previous period of probation. The only power conferred on the Federal Courts by the statute (and it must be remembered that the probation power is not an inherent power of the Courts, but is statutory in nature) is a power to impose the original sentence, or to impose any lesser sentence.

The *Fox* case, although distinguishable as far as § 3651 is concerned, is clearly applicable to the present case as far as § 3653 is concerned. In *Fox*, the Court held that a Federal Judge was

without power to impose an additional period of probation after probation revocation under the terms of § 3653.

"A probation order, although it does not penalize a defendant by fine or imprisonment, restrains a defendant's conduct. The power to order such restraint comes from the legislative branch; and, as we read § 3653, the power of a federal court after revocation of probation is limited to the imposition of sentence. The statute specifically refers to the imposition of sentence—not to the grant of probation." 354 F.2d at 754.

█ The Court also found that the language "any lesser sentence" did not include the imposition of probation. Of course, the Federal Courts may extend the term of probation up to the maximum 5 year limitation, but only if the probation has not been revoked. The Court is well aware that the holding in this case will result in a Federal Judge having only one crack at putting a convicted defendant on probation, and will necessitate the serving of an active sentence upon the revocation of probation by the Courts. But, in the light of the clear statutory language as set forth in § 3653, the Court feels that it must follow this course. Such a strict reading of the statute is required when the legislative nature of probation is taken into account. The Court can only say that the statute is clear on its face that the granting of probation after revocation is not included, and, therefore, not allowed.

In the present case, we are left with the question of whether or not the petitioner is entitled to be released from custody, given the fact that the probation which was revoked in this case was imposed in excess of the Court's authority. It is apparent that the petitioner must be released from custody immediately.

█ The defect in this case is much greater than the § 3651 defect discussed above. In the § 3651 case, the grant of probation exceeded the maximum statutory period by only 1 month, and 8 days.

Here, the entire grant of probation is invalid. Under the *Davis* rationale, supra, it is clear that the mere fact that the grant of probation is somehow inoperative does not necessarily render the sentence given thereunder invalid. In *Davis*, however, the issue was whether or not an *indefinite* probation grant rendered a later sentence upon revocation of probation invalid. There was no grant of probation *after* an initial revocation in the *Davis* case, and the Court was not faced with a totally invalid grant as we are here. Therefore, the issue presented to this Court is of a novel nature—whether or not a totally invalid grant of probation would render a sentence given upon revocation invalid also.

█ One of the most evident problems in considering this issue is that the sentence which was imposed upon revocation was merely the sentence which had originally been imposed in the case. It had been suspended twice—on September 27, 1967 when it was originally imposed and on November 5, 1970 when it was imposed upon revocation of the first probationary period. Thus, the case is different than even the *Fox* case where the sentence which was imposed was handed down for the first time since the judge had originally suspended *imposition* of the sentence. In *Fox*, the Court held that "The invalidity of the second order granting probation . . . invalidates the sentence under which petitioner is imprisoned." 354 F.2d at 754. This language is clearly applicable here, even though the sentence which was imposed upon revocation was merely the original sentence in the case.

If the petitioner had not been on probation, he would never have come before the Court for a violation of the terms of probation which led to the imposition of the sentence. The petitioner, since he was placed on probation by an act in excess of the Court's authority, was never legally on probation, and never legally before the Court for the revocation of his probation.

Now therefore, in accordance with the foregoing, it is

Ordered, that the petitioner's motion under Rule 35, Federal Rules of Criminal Procedure, having been filed within 120 days of the imposition of the sentence which he is presently serving, be and the same is hereby allowed, and

Further ordered, that the petitioner be released from custody immediately, and

Further ordered, that the clerk shall serve copies of this ORDER upon Thomas Ray Buchanan, P.O.Box 600, Eglin Air Force Base, Florida, and upon Mr. Joe Dean, Assistant United States Attorney, Raleigh, North Carolina.