John Culberson SMITH, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 73-3623.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1974.

894

LeRoy A. Hartley, New Orleans, La. (Court-appointed), for petitioner-appellant.

Donald E. Walter, U. S. Atty., Dosite H. Perkins, Jr., Joseph S. Cage, Jr., Asst. U. S. Attys., Shreveport, La., for respondent-appellee.

Before WISDOM and BELL, Circuit Judges, and BREWSTER, District Judge.

WISDOM, Circuit Judge:

This appeal challenges a sentence imposed in the probation revocation context. John Culberson Smith originally pleaded guilty on four separate indictments charging him with various offenses arising out of the burglary of a United States Post Office.[1] Although the four indictments originated in different districts, three of them were transferred to the district having jurisdiction over the fourth indictment, in accordance with Fed.R.Crim.P. 20. The court sentenced Smith on July 18, 1960.

On the first indictment, which charged violations of 18 U.S.C. §§ 1707

and 2115 in two counts, the court sentenced Smith to a total of eight years imprisonment. The second indictment charged violations of 18 U.S.C. §§ 371 and 500 in eight counts. Smith was sentenced on the first count to a two-year term of imprisonment, consecutive to the eight-year term to be served on the first indictment. The court deferred imposition of custodial sentence on the remaining counts of the second indictment and placed Smith on supervised probation for a term of five years, beginning at the end of the two years custodial term levied on the first count of the second indictment. On the third and fourth indictments, which charged violations of 18 U.S.C. §§ 641 and 500, respectively, the court deferred imposition of custodial sentence and placed Smith on supervised probation for two five-year terms, concurrent with each other and with the term levied on the second indictment.

Smith completed his custodial sentences and commenced service of his probationary term on April 20, 1971. Smith violated his probation, and a rule to revoke was filed on September 3, 1971. He was apprehended on December 15, 1972.

The court reconsidered sentencing on those indictments in which imposition of custodial sentence had been suspended. On the two counts of the fourth indictment, the court ordered that Smith be imprisoned for two consecutive five-year terms. On the third indictment and on the remaining counts of the second indictment, the court reinstated Smith on supervised probation, beginning at the end of the custodial term levied on the fourth indictment.

When the district court revokes probation, it may require the probationer "to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence

---

1. The indictments charged Smith with breaking into a United States Post Office, theft of postal funds (cash, stamps, blank money orders and validating stamps), concealing and retaining government property with an intent to convert it to his own use, conspiracy to forge and utter counterfeit money orders, and uttering these money orders. Because Smith accomplished the parts of this scheme at various locations, he was indicted in four different districts.

was suspended, [the court] may impose any sentence which might originally have been imposed". 18 U.S.C. § 3653. In Smith's case, imposition of sentence was suspended. Therefore, the court could impose any sentence that would have been proper if imposed at the time of the initial sentencing.

■ Smith does not challenge his new custodial sentence; his only quarrel is with the district court's reinstatement of his probation. Smith does not believe that a term of probation is a "sentence" within the meaning of Section 3653. In his view, further probation is not a sentencing alternative that the district court may properly consider. We disagree.

In determining whether probation is properly defined as a "sentence", we avoid needless terminological distinctions of artificial origin; we focus on the reality of the probationary status. Probation is a sentence like any other sentence. The A.B.A. Standards state the proper considerations:

"It [probation] is an attempt by society to impose a sanction which will accomplish its goals, just as any other sentence is designed to do. The fact that it differs from other sentences in that the defendant remains subject to a prison term if he does not comply with the conditions of his release does not suggest or require the need for . . . confusing terminology."

A.B.A. Standards Relating To Probation, p. 25 (Approved Draft, 1970). With these considerations in mind, we find that the probationary term ordered by the district court was a sentence within the contemplation of Section 3653. We find no merit to the argument that a federal court cannot reinstate probation as a part of the punishment assigned, when probation is revoked and deferred sentencing takes place. It is unreasonable to suggest that, although a federal court may order the probationer incarcerated for the maximum statutory sentence, it may not order him incarcerated for a lesser term and then reinstated for the remaining portion of his original probation. We find such a principle inconsistent both with the discretion lodged in the sentencing court and with the view that we should not foreclose legitimate sentencing alternatives that otherwise would be available upon a revocation of probation.

■ The narrow issue we face is whether this probationary term would have been a proper sentence if originally imposed. The only relevant limitation we find is that of 18 U.S.C. § 3651, which states, in pertinent part, that "[t]he period of probation, together with any extension thereof, shall not exceed five years."

At least one court has construed this section to mean that a probationer may not be sentenced, upon revocation of probation, to an additional term of probation that, together with his previous probation, would exceed the five-year maximum. In United States v. Buchanan, E.D.N.C.1972, 340 F.Supp. 1285, the defendant was initially placed on probation for three years. The court thereafter extended his probation for an additional year. He then violated the conditions of his probation and was sentenced to six months imprisonment as well as to two years additional probation. Buchanan, therefore, was sentenced to a total probationary term in excess of the five-year maximum. Smith's case is distinguished from Buchanan's in that Smith's previous and future probationary periods will together equal only the five-year maximum, because he was given credit for the period from April 20 to September 3, 1970 when he complied with the conditions of his probation. When he is released from custody, Smith will be liable to serve a maximum of four years, seven months and seventeen days on supervised probation.

Moreover, in *Buchanan* the court based its decision on a narrow ground. It held that while the court may *extend* the term of probation up to the maximum five-year period, it may do so only if the probation has not been revoked.

340 F.Supp. 1285, 1289. Smith's case, on the other hand, does not concern an *extension* of the probationary term; the district court merely *reinstated* the previous probationary period and required him to serve the remainder of that period upon release from custody.

Smith relies also on Fox v. United States, 10 Cir. 1965, 354 F.2d 752. *Fox* is not in point because the violation of probation in that case occurred after the expiration of the statutory maximum period. Right or wrong, *Buchanan* and *Fox* are not relevant to this case.

The judgment of the district court is affirmed.