**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Herbert A. HOWARD,
Defendant-Appellant.**

No. 77–5407
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1978.

Ralph W. Brewer, Baton Rouge, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant maintains that the imposition of a suspended sentence under 18 U.S.C. § 3651, with the later imposition of a prison term sentence, violates the Sixth Amendment right to a speedy trial. The sole authority relied upon is *Juarez-Casares*

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

*v. U. S.*, 496 F.2d 190 (CA5, 1974). The contention is specious. In *Juarez-Casares* the trial court deferred sentencing and left the sentence pending for more than two years after a plea of guilty. In the present case the imposition of sentence was suspended and the defendant placed on probation pursuant to § 3651. The imposition of sentence was not left pending. Probation is a sentence like any other sentence. *Smith v. U. S.*, 505 F.2d 893, 895 (CA5, 1974). When the district court revokes probation, it may require the probationer "to serve the sentence imposed, or any lesser sentence, and, if imposition was suspended, [the court] may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653.

█ Appellant's contention that the district court improperly revoked probation because proof of guilt of the actions causing the revocation was not established by traditional criminal proceedings is totally without merit. *U. S. v. Williams*, 558 F.2d 224, 226 (CA5, 1977). There was sufficient evidence to support the decision to revoke the probation.

AFFIRMED.