**UNITED STATES of America, Appellee,**

**v.**

**Herman Alexander RODGERS, Appellant.**

**No. 78–1617.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1978.
Decided Dec. 19, 1978.

David B. Kaufman of Groce & Kaufman, Little Rock, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty., and Sandra W. Cherry, Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Rodgers appeals from an order of the district court[1] revoking his probation and imposing a sentence of imprisonment upon the grounds that appellant had failed to comply with certain reporting requirements imposed as conditions of his probation. Appellant contends that these violations do not warrant revocation of probation and a sentence of imprisonment. We vacate the sentence and remand to the district court for resentencing.

On February 19, 1976, appellant, having been convicted on a charge of theft from an interstate shipment (18 U.S.C. § 659), was sentenced to imprisonment for three years, provided that, after service of six months in a jail-type institution, execution of the remainder of the sentence was suspended and appellant placed on probation for two and one-half years. After service of approximately five months of the six month prison sentence appellant was released from custody and commenced service of his period of probation. On February 23, 1978, appellant's probation officer filed a petition for revocation of appellant's probation charging "failure to report" violations. A bench warrant directing appellant to show cause why his probation should not be revoked was promptly issued. On July 27, 1978, approximately five months later, appellant was apprehended. An evidentiary hearing was held on the petition for revocation of probation on August 17, 1978.

The evidence was not disputed and the court found that appellant had violated three conditions of his probation[2] in that: (1) appellant left his employment on October 7, 1977, and he did not report his em-

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

2. The court announced its oral findings and imposition of sentence at the close of the hearing on August 17, 1978. The formal judgment and commitment orders were likewise entered on that date. Thereafter appellant filed mo-

tions for reduction of sentence, and for stay of the order revoking probation, and for release pending appeal. The court filed a written memorandum opinion, an order denying reduction of sentence, and an order granting a stay of its order revoking probation and releasing appellant pending appeal.

ployment change to the United States Probation Office; (2) appellant left his residence on November 30, 1977, and he failed to report his new address to the United States Probation Office; and (3) appellant failed to file monthly reports for 11 months (this included 5 months at the time the arrest warrant was issued and 6 months thereafter until appellant was apprehended). The court revoked appellant's probation and imposed a term of imprisonment for the balance of the sentence originally imposed.

In this appeal appellant urges that a failure to comply with reporting requirements, in and of itself, does not operate as independent grounds for recommitment to prison. The probationer had fully complied with the other conditions of probation. There was no evidence that he had engaged in any antisocial or dangerous behavior. Therefore, appellant contends the district court erred in revoking probation.

In *United States v. Reed,* 573 F.2d 1020, 1024 (8th Cir. 1978), this court observed:

> The decision to revoke probation should not merely be a reflexive reaction to an accumulation of technical violations of the conditions imposed upon the offender. That approach would be inconsistent with and detrimental to the goals of the probation program:
>
>> While presumably it would be inappropriate for a field agent *never* to revoke, the whole thrust of the probation-parole movement is to keep men in the community, working with adjustment problems there, and using revocation only as a last resort when treatment has failed or is about to fail. [*Gagnon v. Scarpelli, supra,* 411 U.S. (778) at 785, 93 S.Ct. at 1761, (36 L.Ed.2d 656) *quoting* F. Remington, D. Newman, E. Kimball, M. Melli & H. Goldstein, *Criminal Justice Administration, Materials and Cases* 910 (1969).]
>
> Rather, probation should be revoked only in those instances in which the offender's behavior demonstrates that he or she "cannot be counted on to avoid antisocial activity." *Morrissey v. Brewer, supra,*

408 U.S. (471) at 479, 92 S.Ct. (2593) at 2599 (33 L.Ed.2d 484).

In *United States v. Reed, supra,* we held that the district court erred in basing revocation in part at least upon grounds (failure to make restitution) not charged prior to the revocation hearing. We remanded the case to the district court to consider whether apart from the restitution question Reed's probation should be revoked, with the following comment:

> On remand, the district court may wish to reevaluate whether Reed's chances of becoming a useful citizen would be better if he successfully completes his probation than if he is imprisoned, and whether probation may yet be successful if Reed is provided additional in-the-field supervision, more intensive counseling to assist with his personal problems, and more rigorous guidelines on the terms of his probation.

*Id.* at 1025 (footnote omitted).

The district court noted that our decision in *United States v. Reed, supra,* was distinguishable because in the instant case the requirements of *Reed* as to notice, a hearing and adequate proof of the alleged violation were established. Furthermore, the district court noted that the failure to report goes "to the very heart of the supervised program which the probation office carries out so efficiently." 18 U.S.C. § 3655 provides that the probation officer

> shall keep informed concerning the conduct and condition of each probationer under his supervision and shall report thereon to the court placing such person on probation.
>
> He shall use all suitable methods, not inconsistent with the conditions imposed by the court, to aid probationers and to bring about improvements in their conduct and condition.

■ In reviewing the action of the district court in revoking probation we must determine whether there was an abuse of discretion. In *United States v. Strada,* 503 F.2d 1081, 1085 (8th Cir. 1974), we stated:

> It must be emphasized that the trial judge is given a great deal of latitude in

revocation proceedings. In order to justify a revocation order "[a]ll that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation." *United States v. Garza,* 484 F.2d 88, 89 (5th Cir. 1973). [Citations omitted.] Absent an abuse of discretion, the finding of a trial court in a revocation hearing cannot be disturbed.

We cannot say that the district court abused its discretion in revoking probation. *See United States v. Smallwood,* 536 F.2d 1257 (8th Cir. 1976). However, we consider it appropriate to comment with respect to the imposition of the balance of the prison sentence originally imposed, which constitutes a term of two and one-half years imprisonment.

Appellant, except for the reporting requirements previously discussed, fully complied with the conditions of his original sentence. He had committed no new crimes, had been employed almost continuously during his unsupervised period of probation under his own name, and continued to reside in Little Rock, albeit at a new and undisclosed address. Under these circumstances we are concerned with the district court's failure to indicate why a lesser penalty was not considered.

We recognize that it has been held by some courts that the power of a federal court after revocation of probation is limited to the imposition of a sentence of imprisonment and does not permit reimposition of probation. *Fox v. United States,* 354 F.2d 752 (10th Cir. 1965); *United States v. Buchanan,* 340 F.Supp. 1285, 1288–89 (E.D.N. C.1972). *See also United States v. Lancer,* 508 F.2d 719, 742 (3d Cir.) (Forman, J.,

dissenting), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975). Other courts have held that upon revocation of probation the reinstatement of probation is permissible. *Nicholas v. United States,* 527 F.2d 1160 (9th Cir. 1976); *Smith v. United States,* 505 F.2d 893, 895 (5th Cir. 1974); *see also United States v. Lancer, supra,* 508 F.2d at 732.

We are in accord with the views expressed by the Ninth and Fifth Circuits that probation is a sentence within the meaning of 18 U.S.C. § 3653.[3] This statute provides that upon revocation of probation the court may "require [probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

We agree with the Ninth and Fifth Circuits that there is "no merit to the argument that a federal court cannot reinstate probation as part of the punishment assigned, when probation is revoked and deferred sentencing takes place." *Nicholas v. United States, supra,* 527 F.2d at 1162, *quoting from Smith v. United States, supra,* 505 F.2d at 895.

It is our view that the sentencing alternatives available upon revocation of probation are the same as were available at the time of initial sentence. In this case appellant has not been convicted of committing another crime, nor is there a finding that he is likely to do so. Sentence is imposed primarily to enforce probation conditions requiring reports. We suggest that the district court may desire to consider suspending the sentence imposed in whole or in part and place appellant on probation for an appropriate period.[4]

---

3. We have held that for purposes of double jeopardy probation is a sentence where the term of probation has been completed. *Oksanen v. United States,* 362 F.2d 74 (8th Cir. 1966). On the other hand, revocation of probation and imposition of imprisonment during the term of probation under 18 U.S.C. §§ 3651–3656 does not offend the double jeopardy clause. *United States v. Fultz,* 482 F.2d 1 (8th Cir. 1971). We have not addressed the issue of whether upon

revocation of probation reimposition of probation is permissible.

4. *See* ABA Standards Relating to the Administration of Criminal Justice, Compilation § 6.4(b) & (c), at 277–78 (1974), which provides sentencing alternatives and procedures:

(b) The court should be authorized to revoke a sentence not involving confinement or a sentence to partial confinement upon the

In review of the lack of guidance in this circuit with respect to the authority of the district court to reimpose probation or a lesser sentence than originally imposed, we vacate the sentence herein and remand to the district court for resentencing consistent with this opinion.

Remanded for further proceedings consistent herewith.

violation of specified conditions or to increase the conditions under which such a sentence will be permitted to continue in effect. The sentencing alternatives which should be available upon a revocation should be the same as were available at the time of initial sentencing. Specifically, such alternatives should include the imposition of a fine or the imposition of a sentence to partial or total confinement.

(c) The court should not impose a sentence of total confinement upon revocation unless:

(i) the defendant has been convicted of another crime. The sentence in such a case should respect the limitations on consecutive sentences expressed in section 3.4; or

(ii) the defendant's conduct indicates that it is likely that he will commit another crime if he is not imprisoned; or

(iii) such a sentence is essential to vindicate the authority of the court.

See also Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure, et al., 77 F.R.D. 507, 565–66 (Feb.1978).