**UNITED STATES of America**

v.

**Carlos A. URDANETA.**

**No. CR–84–0084.**

United States District Court,
E.D. New York.

July 16, 1991.

Jonny J. Frank, Chief, Sp. Prosecutions, U.S. District Court, E.D.N.Y., Brooklyn, N.Y., for plaintiff.

Carlos A. Urdaneta, pro se.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

The above-captioned case is before the Court upon defendant's motion under Fed. R.Crim.P. 35, as that rule provided prior to the amendments effective November 1, 1987, to vacate his sentence on the ground that it was illegally imposed or to reduce sentence because of a change of circumstances. As the Rule provided, a court "may correct an illegal sentence at any time" or may reduce a sentence within 120 days after the sentence is imposed or probation is revoked.

Carlos Urdaneta pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) on May 3, 1984. On July 26, 1984 he was sentenced to five years' imprisonment, with one week to be served in a jail-type institution and the balance of the term suspended and to be served on probation. A condition of his probation was that he not return illegally to the United States.

On May 5, 1987, a probation violator's warrant was issued after defendant was apprehended in Vermont for having en-

tered the United States illegally. He was transferred to this district on December 7, 1987 and pled guilty to the violation. On May 6, 1988, the court revoked his probation, sentenced him to five years' imprisonment, and again suspended sentence with the condition that he not return illegally to the United States. On May 31, 1989 defendant was arrested in Texas for illegal entry into the United States and a narcotics violation. On January 29, 1990 a second probation violator's warrant was issued and he was transferred to this district. He pled guilty to that violation and on September 19, 1990 the court sentenced him to a five-year term of imprisonment.

The basis for defendant's motion to vacate the five-year sentence is that his second term of probation was illegally imposed and, thus, when the second violator's warrant was issued on January 29, 1990, the court lacked jurisdiction to impose sentence. Alternatively, he argues that his sentence should be reduced on the grounds of new information concerning his behavior and reformation while in prison. For the reasons that follow, the motion is denied.

The practice of suspending execution or imposition of sentence and placing a defendant on probation was widespread in the federal courts until 1916, when the Supreme Court in *Ex parte United States*, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916) ruled that the federal courts lack the inherent power to impose probation in lieu of imprisonment and that, and absent statutory authorization, the practice was illegal. Congress responded nine years later with the Probation Act of 1925, now codified at 18 U.S.C. §§ 3651–3656, which until the federal sentencing reforms of the 1980's remained the "sole source of the probationary powers exercised by the federal courts...." *United States v. Ellenbogen*, 390 F.2d 537, 541 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). *See also Affronti v. United States*, 350 U.S. 79, 80, 76 S.Ct. 171, 172, 100 L.Ed. 62 (1955); *United States v. Murray*, 275 U.S. 347, 357, 48 S.Ct. 146, 149, 72 L.Ed. 309 (1928); *United States v. Elkin*, 731 F.2d 1005, 1010 (2d Cir.), *cert. denied*, 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984);

*Fiore v. United States*, 696 F.2d 205, 207 (2d Cir.1982); *United States v. Workman*, 617 F.2d 48, 50 (4th Cir.1980).

Section 3651, Title 18, United States Code, as amended, provides for the suspension of the imposition or execution of a sentence for an offense not punishable by death or life imprisonment and the placing of the defendant on probation when the "ends of justice and the best interests of the public as well as the defendant" will be served. That section also provides for the imposition of so-called "split" sentences, which include a term of imprisonment followed by a period of probation. The statute specifically provides for the extension of probation and for a maximum period of probation:

> The court may revoke or modify any condition of probation, or may change the period of probation.

> The period of probation, together with any extension thereof, shall not exceed five years.

Revocation of probation is provided for by 18 U.S.C. § 3653, which states:

> At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant.

> \* \* \* \* \* \*

> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if the imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

While it is well-settled that a court may *extend* a probationary term up to the five-year limit imposed by 18 U.S.C. § 3651, *see, e.g., Skipworth v. United States*, 508 F.2d 598 (3d Cir.1975); *United States v. Squillante*, 144 F.Supp. 494 (S.D.N.Y.1956), there is a split among the circuits on the question whether a period of probation may ever be imposed *following revocation* of

probation under 18 U.S.C. § 3653.[1] The Second Circuit has not spoken on this question.

The Tenth Circuit and one district court in the Fourth Circuit have read § 3653 to preclude the imposition of a term of probation following revocation of probation, basing their view on the language of § 3653 which permits the court upon revocation of probation to "require [probationer] to serve the sentence imposed, or any lesser sentence." *Fox v. United States*, 354 F.2d 752 (10th Cir.1965); *United States v. Buchanan*, 340 F.Supp. 1285 (E.D.N.C.1972). The Tenth Circuit explained its position in the following passage:

Probation is "an act of grace to one convicted of a crime." The fixing of penalties for criminal offenses is a legislative function. A probation order, although it does not penalize a defendant by fine or imprisonment, restrains a defendant's conduct. The power to order such restraint comes from the legislative branch; and, as we read § 3653, the power of revocation of probation is limited to the imposition of sentence. The statute specifically refers to the imposition of sentence—not to the grant of probation. The district court was without power to order the second five-year probation....

*Id.* at 754 (footnotes omitted).[2] A similar conclusion was reached in *United States v. Buchanan*, 340 F.Supp. 1285, 1288 (E.D.N.C.1972):

Nowhere in the statute is there any mention of the power of the Court to impose any additional period of probation after the revocation of any previous period of probation. The only power conferred on the Federal Courts by the statute (and it must be remembered that the probation power is not an inherent power of the Courts, but is statutory in nature) is a power to impose the original sentence, or to impose any lesser sentence.

These two courts, however, now constitute a minority of increasingly small proportion as other courts which have faced this issue have all adopted the contrary position. The Third, Fifth, Sixth, Eighth and Ninth Circuits have all held that the phrase "or any lesser sentence" in § 3653 embraces probation. For instance, in *Smith v. United States*, 505 F.2d 893, 985 (5th Cir.1974), the district court originally imposed a prison term to be followed by five-year term of probation. When defendant violated his probation only months into the term, the court imposed additional prison time and reinstated the probation to

1. There is a significant difference between "extension" of probation and "revocation" of probation followed by imposition of another term of probation. A discussion of this distinction in *Skipworth* is instructive:

[A]n extension of probation is clearly not as "grievous" a "loss" as revocation.... In fact, the primary "loss" suffered by an individual whose probation has been extended lies not in the continuing restrictions themselves, but in the possibility of future revocation....

We also note that the kind of factual inquiry in an extension proceeding is quite different from that in a revocation proceeding. In revocation proceedings, the trial judge must reasonably satisfy himself that the probationer has broken some law while on probation or has otherwise violated a condition of probation. While the judge has considerable discretion as to whether to order revocation, he must at a minimum make an initial factual finding of a probation violation. A revocation hearing, therefore, provides the probationer with the crucial opportunity to contest an allegation of violation.

In granting an extension, however, the trial judge is given greater latitude, and he need

not find that any probation violation has occurred.

*Skipworth v. United States*, 508 F.2d at 601–02. The Third Circuit, while finding that the trial court's *ex parte* extension of probation "was not so prejudicial as to constitute a violation of due process," was troubled enough by it to thereafter require the district courts in the circuit to provide notice to a probationer before an extension of probation and "advise him that he has the right to a hearing should he so desire, together with the assistance of counsel." *Id.* at 602–03. Rule 32.1(B), Fed.R.Crim.P., as amended December 1, 1980, now imposes that requirement on all the circuits.

2. While it declined to "reexamine the efficacy of *Fox*," the Tenth Circuit recently expressed, in guarded terms, approval of that decision: "We recognize that other circuits have disagreed with this distinction between 'probation' and 'sentence.' * * * The determination of possible criminal penalties is a legislative, not a judicial function.... Arguably, the clear language of the statute prevents reimposition of probation after revocation." *United States v. Martin*, 786 F.2d 974, 976 nn. 1, 2 (10th Cir.1986).

begin running at the end of the additional prison term. The Fifth Circuit rejected defendant's challenge to the latter probation term grounded in a reading of § 3653 that excluded probation as one of the judge's resentencing options. The court wrote:

> We find no merit to the argument that a federal court cannot reinstate probation as part of the punishment assigned, when probation is revoked and deferred sentencing takes place. It is unreasonable to suggest that, although a federal court may order the probationer incarcerated for the maximum statutory sentence, it may not order him incarcerated for a lesser term and then reinstated for the remaining portion of his original probation. We find such a principle inconsistent both with the discretion lodged in the sentencing court and with the view that we should not foreclose legitimate sentencing alternatives that otherwise would be available upon a revocation of probation.

The Eight and Ninth Circuits in *United States v. Rodgers,* 588 F.2d 651 (8th Cir. 1978) and *Nicholas v. United States,* 527 F.2d 1160, 1162 (9th Cir.1976) reviewed the decisions of district courts which had *not* considered the imposition of another term of probation on a defendant whose probation they had revoked; both courts remanded for resentencing with instructions that the district court consider the probation option. In *Rodgers,* for instance, the defendant had been sentenced to three years imprisonment, with six months to be served in prison and 2½ years probation. When probation was revoked for "failure to report" violations, the district court imposed a term of imprisonment for the balance of the sentence originally imposed. The Court of Appeals remanded to the district court for resentencing in light of its comment on the availability of reimposition of probation:

> We recognize that it has been held by some courts that the power of a federal court after revocation of probation is limited to the imposition of a sentence of imprisonment and does not permit reimposition of probation.

\* \* \* \* \* \*

It is our view that the sentencing alternatives available upon revocation of probation are the same as were available at the time of initial sentence.

*Id.* at 654. *Accord United States v. McCrae,* 714 F.2d 83, 86 (9th Cir.1983), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983); *United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981); *Banks v. United States,* 614 F.2d 95, 99 n. 10 (6th Cir.1980); *Nicholas v. United States,* 527 F.2d at 1162; *United States v. Lancer,* 508 F.2d 719, 730–32 (3d Cir.) (en banc), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975). *Cf. Fox, supra; Buchanan, supra; United States v. Lancer,* 508 F.2d at 742 (Foreman, J., dissenting).

■ Although the Second Circuit has not ruled on this issue, the weight of authority heavily favors the conclusion that reimposition of probation is permissible upon revocation of probation. This court is in accord with the views of those circuits which have held that probation is a "sentence" within the meaning of § 3653 and may be imposed either upon suspension of sentence or as part of a split sentence following revocation of probation.

It is beyond cavil that § 3651 authorizes a term of probation of no longer than five years including any extensions. *United States v. Nunez,* 573 F.2d 769 (2d Cir.), *cert. denied,* 436 U.S. 930, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978); *United States v. Workman,* 617 F.2d at 50; *Fox v. United States,* 354 F.2d at 754 n. 6. This five-year limit also applies to probationary terms imposed for multiple counts of a single indictment, *id.* at 753–54, although it has been held that probationary terms which would require defendants to serve more than five years may be imposed if upon separate indictments originating in different districts. *United States v. Lancer,* 508 F.2d at 734–36.

■ Yet while it is not perfectly clear from the wording of §§ 3651 and 3653 that

the same limit applies to consecutive but separate terms of probation separated by a formal revocation, courts appear to observe such a limitation, and research has uncovered no case in which a term of probation following revocation of a previous term has been sustained if the length of the second term caused the sum of the two probationary terms to exceed five years. *See, e.g., United States v. Martin,* 786 F.2d at 975 (three-year probation term imposed following 1½ years probation served); *United States v. Condit,* 621 F.2d 1096, 1097 (10th Cir.1980) (one-year probation term imposed following two years probation served); *Smith v. United States,* 505 F.2d at 895 (unserved balance of five-year term reinstated after revocation and service of prison term). *Cf. Fox v. United States,* 354 F.2d at 753 (five-year term imposed after revocation of probation after 4–5 years served, vacated upon holding that a term of probation may not be imposed after revocation of probation); *United States v. Buchanan,* 340 F.Supp. at 1288–89 (two-year probation term imposed following service of three years and one month, vacated upon holding that a term of probation may not be imposed after revocation of probation). The Ninth and Fifth Circuits have been explicit on this point, clearly stating that a term of probation imposed after revocation of a previous term may only be so long as to bring the total probationary period served to five years. In *United States v. McCrae, supra,* the district court had revoked defendant's probation after he had served 1½ years of a three-year term, affirmed and imposed its prior three year sentence, suspended all but 13 consecutive weekends, and again placed him on probation for the remainder of the three-year term. When defendant's probation was later revoked and a prison term imposed, he challenged the sentence on the ground that his second term of probation was illegal because § 3653 prohibits imposition of a

probation term after probation has been revoked. The court rejected his argument noting its agreement with the majority of the circuits that such a term is permissible, affirmed his sentence, and applied § 3651's five-year limit:

> We hold that when the execution of the sentence is suspended and a defendant is placed on probation, probation may be extended up to the five year limit when probation is later revoked.

*United States v. McCrae,* 714 F.2d at 86. This holding was also applied in *United States v. Tham,* 884 F.2d 1262, 1264 (9th Cir.1989), where the court permitted the district court "to impose an additional year of probation" after a defendant whose probation was revoked had completed a four year probation term, citing *McCrae.* The Fifth Circuit has spoken similarly. *United States v. Lancer,* 508 F.2d at 732 ("The permissible term of probation that could have been imposed [after revocation of probation] was restricted to a maximum of five years less the number of months theretofore served on probation . . . .").

For a sentencing judge striving to impose punishment in a manner which is both fair to a probation-violating defendant and properly responsive to the interests of society, the limitation imposed by this statutory scheme can be disheartening. It may often limit him to two unattractive options, *i.e.,* when the imposable term of probation is too short to be meaningful but the fact of a single violation no more convinces the judge that incarceration is necessary than did the circumstances of the defendant's initial transgression. But as noted earlier, the power to grant probation is legislative in origin and is strictly limited by the terms of authorization: "[I]n the absence of any constitutional restrictions, Congress can do what it pleases in respect of the [terms] of asking mercy." *Ackerson v. United States,* 15 F.2d 268, 269 (2d Cir.1926).[3] The

---

**3.** The fact that had the second probation term been objected to on this ground at its imposition the court *might* not have suspended sentence, or might have imposed a split sentence of imprisonment and probation, does not alter the inquiry here, which is as stated. *See United States v. Albano,* 698 F.2d 144, 149 (2d Cir.1983) ("[I]t may be that had the judge known that only a

five-year probation period was possible he would have imposed a lengthier term of imprisonment. But we do not think that this changes the issue before us, which is whether the second five-year term of probation [imposed on another count of the indictment] was within the judge's power to impose.").

court thus finds that its imposition of a five-year term of probation was beyond the statute's grant of authority.

■ However, such a finding does not render the entire probationary term imposed in 1988 a nullity. As defendant's probationary term had not expired in 1988, this court "had the power, indeed the duty, to resentence him appropriately." *United States v. Martin,* 786 F.2d at 976. Thus, as Urdaneta's probation was validly revoked on August 28, 1988 and he was properly placed on probation upon resentencing, his current prison term was legally imposed if the relevant aspects of the most recent revocation proceeding occurred during the permissible five-year period. *See Fox v. United States,* 354 F.2d at 754 (judgment modified by reducing probationary term to the permissible five years. Violation committed during five year period thus properly the basis of revocation of probation.); *United States v. Buchanan,* 340 F.Supp. at 1288 ("Where, as here, the sentence imposed upon the revocation of probation was entered within the statutory 5 year limit, and the probation violation occurred within the statutory 5 year limit, § 3651, United States Code, Title 18, does not operate to invalidate a sentence given upon revocation of probation merely because the probationary period may have exceeded the statutory limit."). *Cf. United States v. Rorex,* 737 F.2d 753 (8th Cir.1984) (vacating sentence based on a violation which occurred during an extension which had been illegally imposed ex parte in violation of Rule 32.1(B), Fed.R.Crim.P.).

■ That period began to run on August 2, 1984 when he completed his one week term of incarceration under his July 26, 1984 sentence. Thus, absent tolling of the probationary period, that period would have ended on August 1, 1989. However, it is well-settled that the probationary period is tolled while a defendant is incarcerated on unrelated offenses, *see United States v. Lancer,* 508 F.2d at 733 & n. 42 (intervening federal confinement); *United States v. Gerson,* 302 F.2d 430 (6th Cir. 1962) (intervening state confinement); *Ash-* worth v. United States, 391 F.2d 245, 246 (6th Cir.1968) (intervening state confinement); *United States v. Gelb,* 269 F.2d 675 (2d Cir.), adopting dist. court op., 175 F.Supp. 267 (S.D.N.Y.), *cert. denied,* 361 U.S. 822, 80 S.Ct. 66, 4 L.Ed.2d 66 (1959) (intervening federal confinement), or while in custody for a probation violation. *United States v. Lancer,* 508 F.2d at 733. "The unifying principal in [these rulings] is that a probationer can not obtain credit against the five-year period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act." *United States v. Workman,* 617 F.2d at 51.

Probationer was incarcerated in Vermont for illegal entry into the United States for a seven-month period from May 5, 1987 to December 7, 1987; he was incarcerated in the Eastern District of New York pending his violation of probation hearing for a five-month period from December 8, 1987 to May 6, 1988; and he was incarcerated in Texas for illegal entry into the United States and narcotics violations for an eight-month period from May 31, 1989 to January 29, 1990. Defendant pled guilty to violation of probation on May 6, 1988 for having illegally entered the United States. He also pled guilty in Texas to the illegal entry violation and then pled guilty in this court on January 29, 1990 for violation of probation based on that illegal entry. Urdaneta's probationary period had thus been tolled for 19 months and 29 days when the violator's warrant issued on January 29, 1990. The five-year period which had begun to run on August 2, 1984 was thus not due to expire until March 30, 1991. Because his probation period had not expired when the January 29, 1990 probation violator's warrant issued and defendant's probation was revoked, this court had subject matter jurisdiction over the proceeding and the revocation and sentencing were proper.

■ Defendant argues in the alternative that his sentence should be reduced because "[n]ew favorable information has developed subsequent to petitioner's sen-

tencing," namely, that he has reflected with remorse and regret upon his past mistakes and has learned from them, that he has been a contributing member of the prison community by teaching English and in general being "positive influence," and that he has become more religious. Under Rule 35(b) as it provided prior to November 1, 1987, a motion to reduce a sentence could be made within 120 days after the sentence was imposed or probation was revoked, a time period which "is jurisdictional, and may not be extended." *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979). Petitioner was sentenced on September 19, 1990 and the 120-day period expired on January 17, 1991. This motion was filed on April 3, 1991 and is time-barred. In any event, while I am encouraged to learn that incarceration may be having a salutary impact on Mr. Urdaneta, I do not consider these facts to constitute such change of circumstances as would warrant the reduction of his sentence. *See United States v. Lopez*, 592 F.Supp. 23, 25 (S.D.N.Y.1984); *United States v. Cachoian*, 440 F.Supp. 39, 41 (S.D.N.Y.1977).

The motion is denied.

SO ORDERED.