UNITED STATES of America, Appellee,

v.

Jose NUNEZ, Appellant.

No. 716, Docket 77–1487.

United States Court of Appeals,
Second Circuit.

Argued Feb. 28, 1978.

Decided March 31, 1978.

Certiorari Denied May 30, 1978.
See 98 S.Ct. 2828.

Steven Lloyd Barrett, New York City
(Martin Erdmann, The Legal Aid Society,
Federal Defender Services Unit, of counsel), for appellant.

Shira A. Scheindlin, Asst. U. S. Atty.
(David G. Trager, U. S. Atty. for the E. D.
N. Y., Harvey M. Stone, Asst. U. S. Atty.,
Brooklyn, N. Y., of counsel), for appellee.

Before LUMBARD, FEINBERG and
TIMBERS, Circuit Judges.

FEINBERG, Circuit Judge:

Jose Nunez appeals from an order of the
United States District Court for the Eastern District of New York, George C. Pratt,
J., denying appellant's motion to correct his
allegedly illegal sentence by reducing his
probationary period from four to two and
one-half years. This is the second time that
appellant has raised this issue in this court.
The first was when defendant appealed his
conviction, after a jury trial, for possessing
counterfeit Federal Reserve notes with intent to defraud, in violation of 18 U.S.C.
§ 472. We affirmed the conviction in open
court, but refrained from ruling upon the
legality of the sentence because the question had not yet been raised in the district
court. That procedural defect was rapidly
remedied, when appellant moved in the district court under Fed.R.Crim.Proc. 35 for
correction of his sentence. Judge Pratt denied the motion in a memorandum opinion,
and this appeal followed.

Appellant was convicted on only one count, and Judge Pratt sentenced him to a prison term of three years, with six months to be served in a jail-type institution and the balance of the prison term suspended, to be followed by a four-year period of probation. This was a so-called split sentence, under which a judge may impose, on a single count, both a prison term and probation. Appellant claims, however, that the period of probation under this provision may not exceed the portion of the prison sentence that has been suspended. On this view, since the judge sentenced appellant to three years in prison and suspended all but six months of that term, the four-year period of probation was illegal; its maximum permissible duration would have been two and one-half years.

The split sentence provision, enacted by Congress in 1958,[1] is now the second paragraph of 18 U.S.C. § 3651. That lengthy section sets forth the statutory authority for placing a defendant on probation, and provides, in the first, second and fifth paragraphs, as follows:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, *may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.*

.     .     .     .     .

The period of probation, together with any extension thereof, shall not exceed five years. (Emphasis supplied).

Appellant focuses upon the italicized words in the second paragraph. These authorize a court to impose a prison sentence "in excess of six months," to direct that a defendant be confined for not more than six months, to suspend the "execution" of the remainder of the sentence, and then to place the defendant "on probation for such period and upon such terms and conditions as the court deems best." Appellant contends that the phrase "for such period" (the period of probation) could either refer back to the preceding phrase "remainder of the sentence" (the suspended portion of the prison term) or be qualified by the subsequent phrase "as the court deems best." If the earlier phrase defines the limit of probation, then for reasons outlined above, appellant's sentence must be reduced. Appellant argues that since the statutory language is ambiguous, legislative history, internal consistency and the doctrine of lenity, see, e. g., *Simpson v. United States*, —— U.S. ——, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *United States v. Bass*, 404 U.S. 336, 347–48, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), all suggest that his reading of the statute is the correct one.

Oddly enough, there do not appear to be any published opinions squarely ruling on the point.[2] It may be that the issue has

1. Pub.L.No. 85–741, 72 Stat. 834 (1958).

2. For cases involving split sentences which would have to be characterized as illegal if appellant's contention is correct, see, e. g., *United States v. Grandinetti*, 564 F.2d 723, 724 (5th Cir. 1977) (three-year sentence imposed; four months to be served in prison, followed by four years probation); *United States v. Mekjian*, 505 F.2d 1320, 1322 (5th Cir. 1975) (eigh-

simply not been raised because judges, both at the trial and appellate levels, defense attorneys and prosecutors have all assumed for 20 years that what Judge Pratt did here was well within his discretion.[3] As indicated below, we believe that such an assumption is correct. But the argument has now been plainly made and well-presented, and we think it appropriate to state our reasons for rejecting it.

■ The split sentence provision does not exist in a vacuum. It constitutes the second paragraph in the section of the United States Code that deals with suspension of sentence and probation. The first paragraph of that section provides that upon judgment of conviction, a court "may suspend the imposition or execution of sentence and place the defendant on probation *for such period and upon such terms and conditions as the court deems best"* (emphasis supplied). Thus, a court may, in its discretion, suspend the execution or imposition of sentence. If it does, the court is required to set a definite period of probation. The terms and conditions of probation are left to the court's discretion, except as limited by the fifth paragraph of section 3651, which provides that the period of probation and any extension thereof shall not exceed five years.

■ The phrase "for such period and upon such terms and conditions as the court deems best" also appears in the second paragraph of section 3651, providing for split sentences. It is a settled principle of statutory construction that "[w]hen the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in

the next place." *Meyer v. United States*, 175 F.2d 45, 47 (2d Cir. 1949), quoting *Lewellyn v. Harbison*, 31 F.2d 740, 742 (3d Cir. 1929). The term "for such period" in the first paragraph of section 3651 has no specific antecedent and must be modified by the language immediately following. It is therefore clear that the length of the probationary term authorized by the first paragraph is solely within the discretion of the court, except as limited by the five-year constraint set forth in the fifth paragraph. Given the clear meaning of the term "for such period" in the first paragraph, there is no obvious reason why that same term should not have the same meaning in the second paragraph of the section, especially since the term appears within identical passages ("probation for such period and upon such terms and conditions as the court deems best") in both paragraphs.

■ We therefore conclude that the sole limitation upon the length of the probationary period in a split sentence is found in the fifth paragraph of section 3651, restricting probation to five years; the duration of the suspended prison sentence is irrelevant here. Appellant contends that this construction does violence to the spirit of the fifth paragraph because it would hypothetically "authorize a sentence above the maximum probation sentence of five years—five years' probation as well as six months in jail." Appellant evidently imputes to Congress an intention to have the five-year probation limit measured from the first day a defendant becomes subject to the supervisory power of the Government. From the words "[t]he period of probation . . . shall not exceed five years" appellant would have us infer that the periods of probation *and* incarceration imposed under a split sen-

---

teen-month sentence; 15 days to be served in jail, followed by two years probation); *United States v. Dorszynski*, 524 F.2d 190, 191 (7th Cir. 1975), cert. denied, 424 U.S. 977, 96 S.Ct. 1483, 47 L.Ed.2d 747 (1976) (one-year sentence, 90 days to be served in jail, followed by two years probation); see cases cited in note 4 infra. Disparities between the portion of the sentence suspended and the period of probation imposed do not always work to the disadvantage of the defendant. See *United States v.*

*Pisacano*, 459 F.2d 259, 261 n. 1 (2d Cir. 1972), vacated and remanded on other grounds, 417 U.S. 903, 94 S.Ct. 2597, 41 L.Ed.2d 208 (1974) (for both defendants receiving split sentences, suspended sentence greater than term of probation).

3. Appellant cites *United States v. Teresi*, 484 F.2d 894 (7th Cir. 1973), but there is no indication in the opinion that the claim pressed here was considered by the court.

tence may not *in combination* exceed five years. But we do not read the five-year limitation on probation terms to encompass preliminary intervals of imprisonment. Nothing in section 3651 suggests that every day of incarceration imposed pursuant to a split sentence removes one day from the probationary ceiling. A review of cases in which split sentences have been imposed unearths repeated instances of the contrary assumption.[4]

■ Alternatively, appellant can be understood to suggest that our interpretation of section 3651 would allow an illegal sentence, in that the combined imprisonment/probation period may exceed the maximum term of imprisonment that could be imposed for the crime charged. But such sentences are not illegal. It has long been recognized that statutory ceilings on prison sentences for particular offenses do not affect a judge's discretion in fixing the duration of probation. See, e. g., *United States v. Lancer*, 508 F.2d 719, 724 n. 18, 726 (3d Cir.) (en banc), *cert. denied*, 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *Driver v. United States*, 232 F.2d 418, 421–22 (4th Cir. 1956); *Mitchem v. United States*, 193 F.2d 55, 57 (5th Cir. 1951).

■ Finally, neither the legislative history of the second paragraph of section 3651 nor the doctrine of lenity suggests a different result. Prior to 1958, a district judge could not, on a single-count conviction, impose both a prison term and a period of probation.[5] The legislative history indicates that the new provision was meant to give the sentencing judge greater flexibility, but sheds no light on the issue before us. And the doctrine of lenity is inapplicable absent "ambiguity concerning the ambit of

criminal statutes." *United States v. Bass, supra*, 404 U.S. at 347, 92 S.Ct. at 522. Even more telling, appellant's construction would undoubtedly encourage district courts to impose longer prison terms on split sentences, before they suspended all but the first six months, in order to obtain greater leeway as to probation.[6]

The judgment of the district court is affirmed.

---

4. See, e. g., *Fagan v. United States*, 545 F.2d 1005, 1006 (5th Cir. 1977) (three months imprisonment followed by five years probation); *Nicholas v. United States*, 527 F.2d 1160, 1161 (9th Cir. 1976) (six months imprisonment followed by five years probation); *United States v. Kohlberg*, 472 F.2d 1189, 1190 (9th Cir. 1973) (six months imprisonment followed by five years probation); *United States v. Candanoza*, 431 F.2d 421, 423 n. 1 (5th Cir. 1970) (two months imprisonment followed by five years probation).

5. A judge could achieve this result, however, on a multi-count indictment by giving a prison sentence on one count and a period of probation on another.

6. Thus, in this case, even under appellant's theory, Judge Pratt could have achieved the same result by imposing a four and one-half year prison sentence, suspending all but the first six months, and placing appellant on probation for the remaining four years.