**Terrie HARMAN, Plaintiff, Appellant,**

v.

**NEW HAMPSHIRE SAVINGS BANK, Defendant, Appellee.**

No. 80–1369.

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1980.

Decided Jan. 22, 1981.

Howard B. Myers and Myers & Laufer, Concord, N. H., on brief for plaintiff, appellant.

Warren C. Nighswander, R. Carl Anderson, and Sulloway, Hollis & Soden, Concord, N. H., on brief for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The district court dismissed this action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, for failure to state a claim. We affirm.

In her complaint plaintiff-appellant alleged that in August 1977 she applied for a federally guaranteed student loan in the amount of $3,000. Upon receipt of the loan plaintiff "entered into a Promissory Note by which the plaintiff agreed to repay the loan in accordance with a Repayment Agreement to be executed not more than nine months after the plaintiff ceased to be a full-time student." She completed her studies in May 1978 and in February 1979 the bank tendered to her a Repayment Agreement for signature. Plaintiff refused to sign the agreement. Under the terms of the 1977 Promissory Note "[f]ailure of the Borrower to execute a Repayment Agreement as provided within the time specified" would render the "principal of this note, together with any unpaid interest and insurance premium" immediately due at the option of the bank. The record is otherwise silent about the present status of plaintiff's loan repayment obligation.

■ The complaint alleges further that the Repayment Agreement's disclosures were deficient in various particulars under Truth in Lending Act and the Federal Reserve Board's Regulation Z, 12 C.F.R. 226. For purposes of this appeal, the parties have stipulated that "[i]t may be assumed . . . that the Repayment Agreement failed to make disclosures required by the Truth

in Lending Act."[1] However, the bank vigorously denies that the Repayment Agreement ever became actionable since plaintiff never signed it.

■ The Truth in Lending Act provides a cause of action for damages against "any creditor who fails to comply with any requirement imposed under this . . . [Act]." 15 U.S.C. § 1640(a). Although the complaint cites numerous sections of the Act and Regulation Z which were allegedly violated by the bank, appellant's brief relies on only three sections to support her claim of non-disclosure:

"Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended, the information required under this . . . [Act]." *Id.*, § 1631(a).

\*    \*    \*    \*    \*    \*

(a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall . . . [make certain disclosures].

.    .    .    .    .

(b) Except as otherwise provided in this part, the disclosures required by subsection (a) of this section shall be made before the credit is extended, and may be made by disclosing the information in the note or other evidence of indebtedness to be signed by the obligor. *Id.*, § 1639.

\*    \*    \*    \*    \*    \*

(a) General Rule. Any creditor, when extending credit other than open end credit shall . . . make the disclosures required by this section with respect to any transaction consummated on or after July 1, 1969. Except as otherwise provided in

1. The complaint may also be read to allege that the 1977 Promissory Note's disclosures violated the Act. In its motion to dismiss defendant timely raised the statute of limitations as to these allegations. Such allegations are clearly

time-barred. 15 U.S.C. § 1640(e). Since we conclude, *see* text *infra*, that the tendered Repayment Agreement was not actionable under the Act, plaintiff may not use it to resurrect the claims based on the Promissory Note.

this section, such disclosures shall be made before the transaction is consummated. Regulation Z, 12 C.F.R. 226.8(a).

Each of the above-quoted sections, read closely, creates a duty to disclose only where "credit" is "extended." The Act defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt." 15 U.S.C. § 1602(e). The deferred payments contemplated by the Repayment Agreement in this case clearly constitute "credit." The Act nowhere defines "extend" or "extension." If "extend" were to be interpreted as "offer," then the tender of the Repayment Agreement in this case would trigger the Act's disclosure requirements. However, while the term "extend credit" or "extension of credit" is used frequently in the Act, it nowhere is used unequivocally to connote "offer." In some instances the term is ambiguous.[2] In all other instances Congress unequivocally equated "extension" with the completed act of giving credit.[3] In light of a familiar principle of statutory construction, this consistent usage of the term throughout the statute is persuasive evidence that Congress intended it to carry the same meaning in the sections under scrutiny. *See Fortin v. Marshall*, 608 F.2d 525, 527–28 (1st Cir. 1979); *United States v. Nunez*, 573 F.2d 769, 771 (2d Cir.), *cert. denied*, 436 U.S. 929, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978). We therefore agree with the Ninth Circuit panel that "[t]here can be no violation of the Act until the transaction is consummated." *Waters v. Weyerhauser Mortgage Co.*, 582 F.2d 503, 505 (9th Cir. 1978) (citing cases).

*See also Goldman v. First National Bank*, 532 F.2d 10, 18 (7th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976).[4]

*Affirmed.*

COFFIN, Chief Judge, (dubitante).

I confess that I do not understand the regulatory network applying to student loan enough to agree or disagree with the court. To cite one source of uncertainty, I am not sure of the intendment of 12 C.F.R. FC–0102 at pages 680–82 (1980), which speaks of disclosures "for both the interim and repayment periods". To cite another, Public Letter No. 117, cited at 12 C.F.R. page 681, may point to a disclosure required at the beginning of the repayment period. And 12 C.F.R. § 226.809 (1980) may require this "prior to the time the final note is executed or repayment schedule is agreed upon". In short, there seems to me that there is a possibility that the bank was obligated to make a second disclosure, prior to the execution of the repayment agreement.

---

2. *E. g.*, 15 U.S.C. §§ 1601(a), 1602(f), (g) & (h), 1603(1), 1605(a), 1610(b), 1638(d).

3. *See* 15 U.S.C. §§ 1605(b)(1) & (2), 1605(c), 1606(a), 1635(a), 1636, 1637(a), 1638(a)(4) & (10), 1640(g), 1663(1), 1664(a), 1664(d)(3), 1666(b)(1) & (2), 1666b(a), 1666f(a)(1).

4. None of the cases cited by appellant support her theory that an unconsummated credit offering can create liability under the Act. Contrary to the assertion in her brief, the Fourth Circuit panel in *White v. Arlen Realty & Dev. Corp.*, 540 F.2d 645 (1975), did not hold that a suit was actionable "even though the plaintiff had neither been injured nor actually received credit." In that case a consummated transaction was the basis for liability. *See id.* at 647. Nor is the statutory policy of encouraging enlightened shopping for credit, *see* 15 U.S.C. § 1601(a), enough to overcome the language of the statute and Regulation Z. *See Bissette v. Colonial Mortgage Corp.*, 477 F.2d 1245, 1246–47 (D.C.Cir.1973). Moreover, the one year statute of limitations, 15 U.S.C. § 1640(e), would begin to run against a plaintiff earlier under appellant's interpretation, a factor cutting against an expansive interpretation.