**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Earl McCRAE,
Defendant-Appellant.**

No. 82–1781.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1983.

Decided Aug. 26, 1983.

Certiorari Denied Nov. 28, 1983.
See 104 S.Ct. 506.

Ed Luckel, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Geoffrey A. Hansen, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Before ANDERSON, SKOPIL, and NORRIS, Circuit Judges.

SKOPIL, Circuit Judge:

McCrae appeals the denial of his motion to correct an illegal sentence, Fed.R.Crim.P. 35(a). He argues that his probation was improperly extended under 18 U.S.C. § 3653. We affirm.

### FACTS

On June 23, 1977 McCrae was sentenced to three years' imprisonment for his conviction. The court ordered that McCrae serve weekends for three consecutive months, suspended the balance of the prison sentence, and placed him on probation for the remainder of the term. On November 15, 1978 McCrae's probation was revoked for his conviction on state charges. The court affirmed the three-year prison sentence, but suspended all but 13 consecutive weekends. Defendant was again placed on probation for the remainder of the three-year period. McCrae satisfactorily served the 13 consecutive weekends in jail and obeyed the terms of his probation until August 1980.

On October 8, 1980 a warrant for McCrae's arrest for probation violations and a show cause order were issued. On August 20, 1982 a probation revocation hearing was held and judgment entered. The judge ordered that probation be revoked and executed the sentence previously imposed with credit given for 50 days previously served.

McCrae filed his motion to correct an illegal sentence under Fed.R.Crim.P. 35(a) challenging the 1978 and 1982 sentences. The district court denied the motion finding both sentences permissible under 18 U.S.C. § 3653. McCrae timely appeals.

### ISSUE

When a district court suspends execution of sentence and places a defendant on probation for a definite period, may probation be extended beyond that period when probation is later revoked?

### STANDARD OF REVIEW

Fed.R.Crim.P. 35(a) is a proper vehicle to challenge the legality of a sentence even though no objection was made at sentencing or at a later probation revocation. *United States v. McDonald*, 611 F.2d 1291, 1294 (9th Cir.1980). The legality of a sentence is a question of law this court reviews *de novo*. *See id.; United States v. Rodriguez*, 682 F.2d 827, 829 (9th Cir.1982).

### DISCUSSION

The authority for probation and suspended imposition or execution of sentence is contained in 18 U.S.C. § 3651 (1976). The

section provides that when "the ends of justice and the best interest of the public as well as the defendant will be served thereby" the sentencing judge "may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

The section also provides for a "split sentence" such as that imposed on McCrae.[1] The judge may order a defendant to serve a portion of incarceration imposed, suspend the balance, and impose probation "for such period ... as the court deems best." *Id.*

Section 3651 further provides that the court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, may not exceed five years. *Id.* By its express terms, section 3651 permits extension of an original period of probation provided it does not exceed five years.

Also, 18 U.S.C. § 3653 provides:

When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, *or may extend* the probation, as shall seem advisable.

18 U.S.C. § 3653 (1976) (emphasis added). This paragraph permits extension of probation without formal revocation or even without a probation violation. *Skipworth v. United States*, 508 F.2d 598, 602 (3d Cir.1975). *See also United States v. Chan-*

cey, 695 F.2d 1275, 1277 (11th Cir.1982). The provision does not expressly permit extension of probation on formal revocation, but neither is such extension prohibited.

Nevertheless, McCrae argues that a different paragraph in section 3653 prohibits extension of the original probationary term when sentence has been imposed but suspended. McCrae relies on the following language:

As speedily as possible after arrest [for probation violation] the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or *any lesser sentence,* and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

18 U.S.C. § 3653 (emphasis added).

McCrae argues that "the sentence imposed, or any lesser sentence," within the meaning of section 3653, limits the length of the probationary term to that originally set. McCrae cites our decision in *Nicholas v. United States*, 527 F.2d 1160, 1162 (9th Cir.1976) for the proposition that probation is a sentence like any other sentence within the meaning of section 3653. McCrae reasons that since probation is a part of the sentence originally imposed, it cannot be increased on revocation of probation. Thus, when his probation was revoked in 1978 he had already served one year of his three-year term of probation. According to McCrae, the district court could only require him to serve the remaining two years of probation. We reject this argument.

---

**1.** McCrae does not challenge any aspect of the sentence except the extension of probation. The sentence here was a form of split sentence approved by us in *United States v. Clayton*, 588 F.2d 1288, 1291 (9th Cir.1979). *See also United States v. Rodriguez*, 682 F.2d 827, 829 n. 1 (9th Cir.1982).

In *United States v. Nunez*, 573 F.2d 769, 771 (2d Cir.1978), *cert. denied*, 436 U.S. 929, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978), the Second Circuit held that probation following a "split sentence" is not limited by the length of the prison term. After analyzing section 3651, the court stated:

It is therefore clear that the length of the probationary term ... is solely within the discretion of the court, except as limited by the five-year constraint ....

*Id.* 573 F.2d at 771.

It has also been held that statutory ceilings on prison sentences for particular offenses do not affect a judge's discretion in fixing the duration of probation. *See, e.g., United States v. Lancer*, 508 F.2d 719, 724 n. 18, 26 (3d Cir.1975) (en banc), *cert. denied*, 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975).

McCrae relies on *United States v. Buchanan,* 340 F.Supp. 1285 (E.D.N.C.1972). In *Buchanan,* the court held that probation may be *informally* extended (*e.g., Skipworth v. United States,* 508 F.2d 598 (3d Cir.1975), but it may not be extended on formal revocation of probation where sentence has been imposed but execution suspended. 340 F.Supp. at 1289. The court held that when probation is revoked, the sentencing court is limited to executing the prison term previously imposed.

The Third Circuit has rejected such a rule in *United States v. Lancer,* 508 F.2d 719 (3d Cir.1975) (en banc). The *Lancer* court stated: "[W]e perceive no practical difference between revocation of probation, followed by reimposition of probation, and continuation of probation in the first instance." *Id.* at 732. *See also United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981) ("Under either situation (suspension of execution or suspension of imposition) the alternatives open to the court include the imposition of another term of probation."); *United States v. Rodgers,* 588 F.2d 651 (8th Cir.1978) (per curiam). We likewise decline to follow *Buchanan.*

McCrae's reliance on our decision in *Nicholas,* 527 F.2d at 1162, is also misplaced. Although we stated that probation is a sentence within the meaning of section 3653, we were referring to a district court's authority to reinstate probation when probation is revoked following deferred imposition of sentence. *Id.* (citing *Smith v. United States,* 505 F.2d 893, 895 (5th Cir.1974)).[2]

The "lesser sentence" provision of section 3653 is most directly concerned with the suspended part of the sentence, usually incarceration, not with probation. In *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943), the Supreme Court construed section 3653. The Court rejected the government's argument that section 3653 permitted a court on revocation of probation following suspended execution of sentence to impose any sentence it might have originally imposed. The Court distinguished between suspended imposition of sentence and suspended execution of sentence. *Id.* at 268, 64 S.Ct. at 115. The Court held:

> All we now hold is that having exercised its discretion by sentencing an offender to a definite term of imprisonment in advance of probation, a court may not later upon revocation of probation set aside that sentence and increase the term of imprisonment.

*Id.* at 273, 64 S.Ct. at 117–118.[3] The "lesser sentence" language is not directed at the length of the probationary term.

■ Thus, the length of the probationary term is governed by the more general provisions in sections 3651 and 3653 for discretionary extension and modification, up to the five year limit. We hold that when execution of the sentence is suspended and a defendant is placed on probation, probation may be extended up to the five year limit when probation is later revoked.

This construction is consistent with the basic purpose of the Probation Act to give wide discretion to the district court to fashion an individualized program to rehabilitate offenders without institutional confinement. *See Roberts,* 320 U.S. at 272, 64 S.Ct. at 117. Accepting McCrae's argument would severely restrict the flexibility in probation intended by the plain meaning of

2. McCrae also relies on *Fox v. United States,* 354 F.2d 752 (10th Cir.1965). There, the court held that a second five-year probationary term could not be ordered on revocation of probation when imposition of sentence had been suspended. *Id.* at 754. The court noted, however, that "when a probationary term is for less than five years the court under § 3651 may extend that term to the full five years." 354 F.2d at 754 n. 6. Thus, *Fox* does not support McCrae's argument.

3. We note, however, that we have found the "lesser sentence" language applicable to other elements of the sentence, *United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir.1980) (sentence under Youth Corrections Act converted to adult sentence and special parole term added was not a lesser sentence). *McDonald* did not deal with probation, however, and we find the only limit on the length of the probationary period is the five-year limit in section 3651.

sections 3651 and 3653 with respect to extension of probation.

## CONCLUSION

Here, when McCrae's probation was revoked in 1978, the judge could have executed the remainder of the three years' incarceration, or imposed a lesser sentence. *United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir.1980). Instead, the judge affirmed the three years' maximum incarceration, ordered another portion of it served, suspended the balance and placed McCrae on probation for three years. Probation was extended another year. The term of incarceration was not increased, and the total length of the probationary period does not exceed five years. The district court did not err in extending McCrae's probationary period. Accordingly, McCrae was legally on probation when the events occurred in 1980 for which his probation was revoked. The judge acted within his discretion in 1982 when he revoked probation and ordered that the sentence of incarceration be executed with credit given for time previously served.

AFFIRMED.