Billie BOURGEOIS, wife of/and Clarence Bourgeois, Plaintiffs-Appellants,

v.

HAYNES CONSTRUCTION COMPANY, Defendant-Appellee.

No. 83–3331.

United States Court of Appeals, Fifth Circuit.

March 30, 1984.

. Patrick D. Breeden, New Orleans, La., for plaintiffs-appellants.

John F. Robbert, New Orleans, La., for defendant-appellee.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before CLARK, Chief Judge, BROWN and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Billie and Clarence Bourgeois appeal from a judgment against them on their claim for penalties for nondisclosure under the Consumer Credit Protection and Truth-in-Lending Acts. We affirm because under applicable Louisiana law no contract existed between Haynes and the Bourgeois, a prerequisite to the claimed penalties.

On March 28, 1980, in Louisiana, the Bourgeois signed a document labeled "Contract Goods and Services" for the installation of aluminum siding. The "contract" had been submitted to the Bourgeois by John Martin, an independent contractor acting as Haynes Construction Company's salesman. Martin completed the "contract" with the Bourgeois and signed it. In addition to an agreement to execute a mortgage on the Bourgeois' home, the document contained the following language: "This

agreement hereby entered into by and between Haynes Construction Company, ... [and] Billie Bourgeois. . . ." The document also included a "Consumer's right to cancel," stating that the consumer must send a letter within three days to Haynes if the consumer wished to cancel the agreement. Furthermore, the "contract" stated: "Keep a copy of this contract to protect your legal rights. Executed by both Buyer and Seller this 28th day of March, 1980." Finally, the back of the document contained the following: "This order must be approved by an officer of Haynes Construction Company before it is binding on the Seller."

By letter to Haynes on March 31, 1980, the Bourgeois' lawyer gave notice of recission. There was no performance under the "contract," and the record does not reflect approval by an officer of Haynes. Indeed Haynes asserts that the recission letter was its first knowledge of the proposed agreement with the Bourgeois.

■ We need not decide whether the Bourgeois were furnished with the proper disclosure documents, because no penalties for nondisclosure under the Truth-in-Lending Act can be awarded unless the transaction in question has been "consummated." *Waters v. Weyerhaeuser Mortgage Co.,* 582 F.2d 503, 505 (9th Cir.1978); *Harman v. New Hampshire Savings Bank,* 638 F.2d 280 (1st Cir.1981); *Bissette v. Colonial Mortgage Corp.,* 477 F.2d 1245 (D.C.Cir.1973); *Stevens v. Rock Springs National Bank,* 497 F.2d 307 (10th Cir.1974); *Wachtel v. West,* 476 F.2d 1062 (6th Cir.), *cert. denied,* 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973). At the time of this dispute, the Code of Federal Regulations defined "consummation" as the time a contractual relationship is created between the parties, irrespective of the time of performance of either party. 12 C.F.R. § 226.2(kk) (repealed effective 1982). The Bourgeois contend that at the time this regulation was in effect determination of contract conception was a matter of federal law. The argument is without

merit. *See Waters v. Weyerhaeuser Mortgage Co.,* 582 F.2d at 506; *Bissette v. Colonial Mortgage Corp.,* 477 F.2d at 1246 (Federal Reserve Board Public Information Letters stated that time of contracting should be analyzed on the basis of local law). New Regulation Z makes it clear that the time of contracting has always been determined by state law. 12 C.F.R. § 226.2(a)(13) defines "consummation" as the time a consumer becomes contractually obligated on a credit transaction, and § 226.2(b)(3) provides that, unless otherwise defined, words used in the section have the meanings given by state law or contract. 12 C.F.R. § 226.2 (1983). The Federal Reserve Board section-by-section analysis of new Regulation Z explains the new consummation definition: "As before, state law determines when the contractual obligation arises. . . ." FRB, Section-by-Section Analysis, 46 Fed.Reg. 20,851 (1981). Therefore we look to Louisiana law to determine whether the parties had a contract.

■ Under Louisiana law no contract existed between Haynes and the Bourgeois. *AA Home Improvement Co. v. Casem,* 145 So.2d 624 (La.App.1962); *Loeb v. Johnson,* 142 So.2d 518 (La.App.1962); and *National Co. v. Navarro,* 149 So.2d 648 (La.App.1963), all held documents similar to the "contract" here not to be contracts but rather offers revocable until accepted. The courts refused enforcement in each of these cases relying on clauses almost identical to the one found on the back of the Bourgeois' "contract." It is manifest that the Bourgeois effectively revoked an offer before it ripened into a contract.[1]

AFFIRMED.

---

1. Since we find that no contract was created, we need not address Haynes' contention, based on dicta in *Davis v. Werne,* 673 F.2d 866 (5th Cir.1982), that when the plaintiff has backed out of the contract Truth-in-Lending Act penalties should not be imposed.